Debbie **BAKER**, Individually and as Next Friend of Anthony Baker, an Incapacitated Person, and as Next Friend of Mandy Baker, a Minor, and Leighla Baker and Rockey Baker, Appellants,

v.

**ARGONAUT INSURANCE COMPANY, Appellee.**

No. 05–98–00391–CV.

Court of Appeals of Texas, Dallas.

Oct. 19, 2000.

---

588

R. Windle Turley, Law Offices of Windle Turley, P.C., Jeffrey S. Levinger, Carrington Coleman Sloman & Blumenthal, Dallas, for Appellant.

Scott A. Whisler, James W. Grau, Grau & Bassett, P.C., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and POFF.[1]

---

1. The Honorable H. Bryan Poff, Jr., Retired Justice, Seventh District Court of Appeals, Amarillo, Texas, sitting by assignment.

## OPINION

MORRIS, Justice.

In this case of first impression, we address an insurance company's right to be reimbursed for workers' compensation benefits paid to an injured employee. Specifically, we decide the extent of an insurance company's right to reimbursement from an injured employee who receives benefits under a deductible plan insurance policy. Debbie Baker, individually and as next friend of both Anthony Baker and Mandy Baker, together with Leighla and Rockey Baker, contend the trial court erred in allowing Argonaut Insurance Company to recover from them all the compensation benefits it paid to Anthony Baker for injuries he suffered in an on-the-job accident. Argonaut's recovery was taken out of settlement funds the Baker family received from a third party. The Bakers argue that Argonaut's recovery included the insurance policy's deductible amount owed by Anthony Baker's employer and, under Texas law, they cannot be made to pay the deductible on the employer's behalf. The Bakers also challenge the trial court's award of attorney's fees, arguing the award was improper based on the summary judgment evidence. We agree with the Bakers on both issues. We modify the trial court's order to reduce the award to Argonaut by the amount of the deductible. We reverse the remainder of the trial court's order and remand the cause for further proceedings.

### I.

The facts of the case are largely undisputed. Argonaut Insurance Company provides employers with workers' compensation insurance coverage. Pursuant to a statutory requirement, Argonaut offers Texas employers that subscribe to workers' compensation coverage the option of

choosing a self-insured deductible plan. A deductible plan allows an employer to reduce its insurance premiums by agreeing to reimburse the carrier for benefits it pays to injured employees up to the deductible amount. Flowers Construction Company elected to take advantage of Argonaut's deductible plan and signed an endorsement to its insurance policy agreeing to reimburse Argonaut up to $250,000 for each employee accident. Flowers's insurance premiums were consequently lowered.

Anthony Baker, an employee of Flowers, was severely injured when a van in which he was riding was hit by a large truck. At the time of the accident, Baker was in the course and scope of his employment. Baker filed a claim for workers' compensation benefits with Argonaut. Argonaut accepted the claim and paid benefits totaling $352,596.13.

Baker's family sued the driver of the truck involved in the accident, claiming his negligence caused Baker's injuries. In the same suit, the Bakers also sued the driver's employers. Argonaut intervened in the suit, claiming it was statutorily subrogated to Anthony Baker's rights of recovery to the extent of the workers' compensation benefits Baker had received. In other words, Argonaut claimed it was entitled under Texas law to recover the insurance benefits it had paid to Anthony Baker out of any damages awarded to the Baker family. The Bakers eventually settled their claims for $882,000.

A dispute arose between Argonaut and the Bakers about the amount Argonaut was entitled to receive out of the settlement funds. Argonaut claimed the Bakers were required to reimburse it for the full $352,596.13 in benefits Anthony Baker had received. The Bakers responded that, because Flowers's insurance policy included a $250,000 deductible, Argonaut could look to the settlement proceeds only for reimbursement of those benefits paid in excess of the deductible amount. Therefore, according to the Bakers, Argonaut was entitled to only $102,596.13 of the settlement money.

Argonaut and the Bakers further disagreed about whether the Bakers' attorney was entitled to receive fees from Argonaut for his work in obtaining the settlement. The Bakers contended that, under Texas law, their lawyer was entitled to one-third of Argonaut's subrogated recovery. Argonaut disputed this, claiming the Bakers' counsel did not represent Argonaut's interests but instead sought to undermine its recovery rights.

Both sides filed motions for summary judgment. After considering the motions and evidence presented, the trial court signed an order allowing Argonaut to recover the full amount of the benefits it paid to Baker out of the settlement proceeds. The court further ordered Argonaut to pay the Bakers' attorney $25,649 in attorney's fees, the equivalent of twenty-five percent of the amount the Bakers concede was owed to Argonaut. The Baker family timely appealed, challenging both Argonaut's award and the amount of attorney's fees awarded to their lawyer.

## II.

Argonaut's efforts to recoup its benefit payments are based upon its entitlement to reimbursement once Baker received payment for his injuries from another source. In general, a compensation carrier is statutorily subrogated to the rights of an injured employee to the extent of the compensation benefits paid. *See* TEX.LAB.CODE ANN. § 417.001(b) (Vernon Supp.2000). Furthermore, the insurance company is entitled to reimbursement for the full amount of benefits paid to the employee from any damages he receives for his injuries. *See* TEX.LAB.CODE ANN. § 417.002(a) (Vernon 1996). The purpose of reimbursing the insurer out of the employee's third-party recovery is to reduce the burden of insurance on the employer and the public and to prevent the employee from obtaining a double recovery. *Fos-*

*ter v. Truck Ins. Exch.*, 933 S.W.2d 207, 212 (Tex.App.—Dallas 1996, writ denied). Argonaut argues that, by virtue of its statutory rights, it is entitled to be reimbursed from the Bakers' settlement proceeds for all the benefits it paid to compensate Baker for his injuries. In making this argument, Argonaut disregards the effect of a separate set of statutes applicable to the deductible plan it entered into with Flowers.

In 1989, the Texas Legislature adopted article 5.55C of the Texas Insurance Code. *See* TEX.INS.CODE ANN. art. 5.55C (Vernon Supp.2000). Article 5.55C requires workers' compensation insurance carriers to offer deductible plans that allow employers to self-insure for a deductible amount. *Id.* art. 5.55C(a). A deductible policy must provide that the insurance carrier "will make all payments for benefits that are payable from the deductible amount and that reimbursement by the policyholder shall be made periodically." *Id.* art. 5.55C(d). Article 5.55C also provides that "a person who is employed by a policyholder who self-insures the deductible amount as provided under this article may not be required to pay any of the deductible amount." *Id.* art. 5.55C(f).

█ Although article 5.55C does not directly address an insurance company's right to reimbursement under section 417.002(a) of the labor code, it does specifically address the carrier's right to reimbursement for the deductible amount. When construing statutory provisions, we must attempt to give effect to the intent of the legislature, avoid conflicts, and give each provision effect. *Hollingsworth v. City of Dallas*, 931 S.W.2d 699, 702 (Tex.App.—Dallas 1996, writ denied); *Matherson v. Pope*, 852 S.W.2d 285, 288 (Tex.App.—Dallas 1993, writ denied). Article 5.55C clearly places the burden of reimbursing the deductible amount on the employer. Subsection (f) of the article prevents an employer from shifting that burden to its employees. To allow an insurance company to recover the deduct-

ible amount out of an employee's settlement proceeds would conflict with both article 5.55C(d)'s mandate that employers reimburse the carrier for benefits paid to the extent of the deductible amount and article 5.55C(f)'s prohibition on recoupment of the deductible from the employee. *See* TEX.INS.CODE ANN. arts. 5.55C (d),(f).

Argonaut contends that reducing its recovery to an amount only in excess of the deductible would result in a windfall to the Bakers because they would receive a $250,000 double recovery of damages and compensation benefits. But allowing Argonaut to recover the deductible from the Bakers would result in a windfall to either Argonaut or Flowers. In exchange for its agreement to pay the deductible, Flowers received a reduced insurance premium rate. If Argonaut recovers the deductible amount from the Bakers' settlement proceeds instead of from Flowers, the employer will have successfully passed on the cost of its reduced premium to its employee. This is exactly the type of cost shifting article 5.55C(f) was intended to prevent. On the other hand, if Flowers meets its statutory obligation under article 5.55C(d) to pay Argonaut the deductible, Argonaut will receive a double reimbursement.

█ Contrary to Argonaut's assertion, the issue is not which party may receive a windfall, but which party must bear the risk of paying the deductible. This issue was resolved by the legislature when it mandated that an employee could not be required to pay any of the deductible amount. Both insurance companies and employers benefit from workers' compensation deductible plans: carriers receive statutorily mandated reimbursement of the deductible amount from the employer; employers receive reduced premiums. When an employer chooses to subscribe to a workers' compensation deductible plan, it agrees to bear the risk associated with its reduced premium, namely payment of the deductible. By preventing payment of the deductible from being passed along to em-

ployees, the legislature has ensured that only the party agreeing to bear the risk does so.

Argonaut characterizes the policy's deductible as a purely contractual matter. Argonaut argues that the Bakers, because they are not parties to the insurance contract, have no standing to assert entitlement to the money. The Bakers, however, are not asserting contractual entitlement to the money. They are simply seeking enforcement of a statute designed to protect them. Regardless of how it is characterized, reimbursement of the deductible amount out of an employee's recovery from a third-party amounts to payment of the deductible by the employee instead of the employer. This is statutorily forbidden. *See id.*

We conclude Argonaut's right to reimbursement with respect to the Bakers' settlement proceeds did not include the right to reimbursement of the deductible amount. To the extent Argonaut had the right to reimbursement for the deductible amount, its right was against Flowers, not the Bakers. The trial court erred in allowing Argonaut to recover out of the Bakers' settlement proceeds all the benefits it paid for Anthony Baker's injuries.

■ In addition to ruling on the reimbursement issue, the trial court ordered Argonaut to pay the Bakers' counsel $25,649 in attorney's fees for his work in obtaining the settlement in the underlying case. The fees were awarded pursuant to section 417.003 of the Texas Labor Code.

Section 417.003 requires insurance companies to pay a fee to an injured employee's attorney when the attorney has represented the insurance company's interests in obtaining a recovery from a third party.[2] *See* TEX.LAB.CODE ANN. § 417.003 (Vernon 1996). The Bakers contend the trial court erred in calculating the amount of fees owed to their attorney based on the summary judgment evidence. In response, Argonaut argues there is no showing the trial court abused its discretion in calculating the amount of fees or, in the alternative, the evidence shows the Bakers' attorney is not entitled to any fees at all.

Both Argonaut and the Bakers concede the fees were awarded as a matter of summary judgment. Because the trial court made its fee award as a matter of law, it could not have exercised any discretion in calculating the amount. Accordingly, Argonaut's contention that the trial court did not abuse its discretion is inapposite.

■ Although the fee award was made as a matter of summary judgment, neither side requested the amount awarded, nor presented any evidence to prove the specific amount as a matter of law. A trial court cannot make an award of attorney's fees in a summary judgment proceeding when the amount is not proved as a matter of law. *Cf. General Elec. Supply Co. v. Gulf Electroquip, Inc.,* 857 S.W.2d 591, 601–02 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Because the amount

---

2. Section 417.003 states:
(a) An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:
(1) a reasonable fee for the recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and
(2) a proportionate share of the expenses.

. . .
(c) If an attorney actively representing the insurance carrier's interest actively participates in obtaining a recovery, the court shall award and apportion between the claimant's and the insurance carrier's attorneys a fee payable out of the insurance carrier's subrogation recovery. In apportioning the award, the court shall consider the benefit accruing to the insurance carrier as a result of each attorney's service. The total attorney's fees may not exceed one-third of the insurance carrier's recovery.

awarded was not proved as a matter of law, it cannot be upheld.

As an alternative to remanding the issue to the trial court, Argonaut urges us to render judgment in its favor. Argonaut contends that, as a matter of law, it is not obligated to pay the Bakers' attorney any fees because he did not represent Argonaut's interests. Argonaut points to evidence showing that, despite the uncontested nature of the underlying suit, its own attorney performed considerable work to ensure Argonaut's recovery. Argonaut also contends the evidence shows the Bakers' attorney sought to undermine, rather than advocate, Argonaut's interests in the case. We conclude the summary judgment evidence does nothing more than raise fact issues about the amount of attorney's fees, if any, the Bakers' counsel is entitled to receive from Argonaut. Indeed, the fact that Argonaut's own attorney performed work in the underlying case merely raises the possibility that the Bakers' counsel may have to share his fee with Argonaut's counsel rather than forfeit it altogether. *See* TEX.LAB.CODE ANN. § 417.003(c). We will remand the issue, therefore, for further consideration by the trial court.

We modify the trial court's order in part to award Argonaut Insurance Company $102,596.13 of the settlement funds paid to the Bakers. We reverse the remainder of the order and remand the cause to the trial court for further proceedings.