ARGONAUT INSURANCE COMPANY, Petitioner,

v.

Debbie BAKER, individually and as next friend of Anthony Baker, an incapacitated person, and as next friend of M.B., a minor, and Leighla Baker, and Rockey Baker, Respondents.

No. 01–0287.

Supreme Court of Texas.

Argued on March 20, 2002.

Decided June 20, 2002.

Scott A. Whisler, James W. Grau, Grau Ashley & Koen PC, Dallas, for Petitioner.

Jeffrey S. Levinger, Carrington Coleman Sloman & Blumenthal, Windle Turley, Thomas B. Cowart, Law Offices of Windle Turley, Dallas, for Respondent.

Justice RODRIGUEZ delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice ENOCH, Justice OWEN, Justice BAKER, and Justice JEFFERSON join.

In 1989, the Texas Legislature required every workers' compensation carrier to offer optional deductible plans to allow policyholders to "self-insure" for the deductible amount. TEX. INS.CODE art. 5.55C(a). Under such a policy, the carrier must make all payments for benefits to an injured employee, including those payable from the deductible amount. *Id.* art. 5.55C(d), (e). When a third-party tortfeasor causes the employee's injuries, the carrier is subrogated to the injured employee's rights against the tortfeasor, and the net amount recovered in a third-party action shall be used to reimburse the carrier for benefits that have been paid. TEX. LAB.CODE §§ 417.001, 417.002. The issue presented is whether allowing the carrier to be reimbursed for benefits paid from the deductible violates Insurance Code article 5.55C section (f), which provides that an employee "may not be required to pay any of the deductible amount." TEX. INS. CODE art. 5.55C(f). The court of appeals

held that it does. 36 S.W.3d 587. Because we hold that it does not, we reverse the court of appeals' judgment in part and remand to the trial court for further proceedings consistent with this opinion.

## I. Facts

Anthony Baker, an employee of Flowers Construction Company, was injured in a collision with a truck driven by an employee of Rocha Trucking. Because he was injured in the course and scope of his employment, Baker filed a claim for workers' compensation benefits with Argonaut Insurance Company, Flowers' workers' compensation insurance carrier. At the time, Flowers had a deductible plan that provided for Flowers to self-insure the first $250,000 of loss arising from each work-related injury suffered by its employees. Under the policy, Argonaut would first apply any recovery from a liable third party to benefit payments made by Argonaut in excess of the $250,000 deductible, and the remainder of any recovery would be applied to reduce the deductible amount Flowers owed.

Insurance Code article 5.55C governs optional deductible plans such as the one Flowers purchased. Flowers' deductible plan provided for Argonaut to pay the full amount of each covered claim submitted by an employee, including any portion payable from Flowers' deductible, as mandated by article 5.55C: "A deductible policy must provide that the [carrier] will make all payments for benefits that are payable from the deductible amount and that reimbursement by the policyholder shall be made periodically, rather than at the time claim costs are incurred." TEX. INS.CODE art. 5.55C(d). Argonaut paid a total of $352,596.13 in workers' compensation benefits to and on behalf of Baker, including the $250,000 paid from the deductible.

Baker's wife sued Rocha Trucking and the truck driver on Baker's behalf for damages arising from the accident. Soon after, Argonaut intervened to assert its subrogation right, under the Labor Code, to recover from the defendants the $352,596.13 in benefits it had paid. The Bakers disputed Argonaut's entitlement to reimbursement for the $250,000 in benefits paid from Baker's deductible, arguing that it was forbidden by article 5.55C(f)'s mandate that an injured employee "may not be required to pay any of the deductible amount." Id. art. 5.55C(f). Rocha Trucking and its driver ultimately agreed to pay $882,000 to settle all claims asserted against them in the lawsuit, including Argonaut's claim as Baker's subrogee. Under the settlement, $529,403.87 was paid to the Bakers and the remaining $352,596.13 was submitted to the Bakers' counsel to be held in trust pending resolution of the Bakers' challenge to Argonaut's reimbursement claim for the $250,000.

Argonaut moved the trial court for an order to distribute its workers' compensation lien on the $352,596.13. The parties then filed cross motions for summary judgment, each asserting their entitlement to the $250,000 in dispute. After a hearing, the trial court granted Argonaut's motions, denied the Bakers' motion for summary judgment, and awarded Argonaut the full $352,596.13, less attorneys' fees and expenses awarded to the Bakers' counsel for their role in achieving the settlement. The court of appeals modified the trial court's judgment and reduced Argonaut's recovery by $250,000. The court of appeals reversed the remainder of the trial court's judgment, which awarded the Bakers' counsel attorney's fees and expenses incurred in connection with the recovery of the settlement, and remanded to the trial court for further proceedings. Argonaut filed this petition for review asking us to reinstate the trial court's judgment award-

ing it full reimbursement. No one petitioned this Court for review of the court of appeals' judgment remanding the issues of attorney's fees and expenses to the trial court.

## II. Analysis

■ When both parties move for summary judgment and one motion is granted and one denied, the appellate court should determine all questions presented and render the judgment that the trial court should have rendered. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex.2000). Here, both parties rely on statutory provisions to support their entitlement to summary judgment. In general, matters of statutory construction are questions of law. *Id.* at 357.

### A.

■ Argonaut relies on sections 417.001 and 417.002 of the Labor Code for its right to reimbursement for the full $352,596.13. Those sections provide that "[i]f a benefit is claimed by an injured employee or the legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee" and "[t]he net amount recovered by [an employee] in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury." TEX. LAB.CODE §§ 417.001, 417.002. Thus, according to Argonaut, because it paid $352,596.13 in benefits for the compensable injury, section 417.002 requires reimbursement from the settlement funds for the full $352,596.13 paid.

On the other hand, the Bakers contend that allowing Argonaut to recover the $250,000 from the settlement funds effectively passes the cost of the deductible from the employer to the employee, a result article 5.55C prohibits. Article 5.55C, which governs optional deductible plans, provides that employers must reimburse the insurance carrier periodically to cover benefit payments that are payable from the deductible amount and expressly forbids the employee from having to pay the deductible. TEX. INS.CODE art. 5.55C(d), (f). Thus, the Bakers argue, an insurance carrier that has paid benefits to an injured employee may obtain reimbursement of any amounts in excess of the deductible from the employee's recovery, but must then look to the employer for reimbursement of the deductible amount under those provisions. Otherwise, they contend, employers will receive a statutorily forbidden windfall by being allowed to pass on to their employees the cost of the deductible. The court of appeals agreed with the Bakers, concluding that article 5.55C's prohibition on the employee being made to pay the deductible, coupled with its requirement that the employer reimburse the carrier for benefits paid to the extent of the deductible amount, precludes Argonaut from obtaining reimbursement from the settlement funds for the $250,000 paid from the deductible.

### B.

■ Because this case turns on the construction of several statutory provisions, we start with the provisions themselves. We construe a statute, "first, by looking to the plain and common meaning of the statute's words." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999). Under article 5.55C section (e), a carrier offering a deductible plan is statutorily obligated to "service all claims that arise during the policy period, including those claims payable, in whole or in part, from the deductible amount." TEX. INS.CODE art. 5.55C(e). Likewise, section (d) provides that the carrier must "make all payments for benefits

that are payable from the deductible." *Id.* art. 5.55C(d). Thus, benefits payable from the deductible are included in the amount of workers' compensation benefits paid by the carrier to or on behalf of the injured employee. Further, section 417.002 of the Labor Code plainly states that the net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier "for *benefits* ... that have been paid for the compensable injury." TEX. LAB.CODE § 417.002 (emphasis added). Section 417.002 does not limit the carrier's right to reimbursement to those payments made in excess of the deductible amount. Thus, taken together, these provisions establish the carrier's right to reimbursement to the total amount of benefits it has paid, including those benefits payable from the deductible.

The Bakers contend, however, that allowing the full reimbursement required by section 417.002 conflicts with article 5.55C's mandate that the employee may not be required to pay any part of the deductible. They further argue that their construction, which limits the carrier's recovery to benefits paid in excess of the deductible, effectively harmonizes article 5.55C with section 417.002. To the contrary, their construction conflicts with the plain language of section 417.002, which, under the payment scheme established by article 5.55C, allows the carrier reimbursement of benefits paid, including benefits payable from the deductible, from any third-party recovery.

Rather than conflicting with section 417.002, Argonaut's position is consistent with its plain language. Moreover, allowing Argonaut reimbursement of the total $352,596.13 does not contravene article 5.55C. For decades, the law has been that, under the Workers' Compensation Act's subrogation provision, "the first money paid [to] or recovered by the employee, or his representatives, belongs to the compensation carrier paying the compensation, and until it is paid in full, the employee, or his representatives, have no right to any funds." *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 246 S.W.2d 865, 869 (1952). The carrier's right to reimbursement from the first money recovered is statutory. *See* TEX. LAB.CODE § 417.001(b) (providing that the carrier shall reimburse itself first from the amount recovered, and then pay the remainder to the injured employee or the legal beneficiary). Under this long-standing principle, any recovery from a third party by the injured employee is burdened by the carrier's subrogation rights to the extent of any payments made. TEX. INS.CODE § 417.001(a), (b); *Tex. Workers' Comp. Ins. Fund v. Serrano,* 962 S.W.2d 536, 538 (Tex.1998). Thus, rather than the employee owning the money and being forced to disgorge it, the carrier is first entitled to the money up to the total amount of benefits it has paid, including from the deductible, under section 417.002. When the carrier is fully reimbursed from the recovery from a liable third party, as in this case, the money is being paid to the carrier by that responsible third party, not by the employee, pursuant to the carrier's statutory right. Accordingly, the employee is not being made to pay the employer's deductible in violation of article 5.55C(f). Similarly, allowing the insurance carrier reimbursement for the total amount of benefits paid does not violate section 415.006 of the Labor Code, which bars an employer from "collect[ing] from an employee, directly or indirectly, a premium or other fee paid by the employer to obtain workers' compensation insurance." TEX. LAB.CODE § 415.006.

Presumably, when the Legislature enacted article 5.55C in 1989, it was aware of

section 417.002 and similar prior statutes [1] establishing the carrier's right to subrogation for benefits paid. *See Acker v. Tex. Water Comm'n,* 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it."). There is no indication in article 5.55C that the Legislature intended to change existing law regarding subrogation and third-party recovery. Accordingly, article 5.55C should be construed in a manner that harmonizes rather than conflicts with that law. *See* TEX. GOV'T CODE § 311.026(a) ("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.").

■ Thus, section 417.002 applies equally to all subrogation claims to allow the carrier to be reimbursed from a third-party recovery for all benefits it has paid, regardless of whether a deductible is involved. Under the Bakers' and the dissent's construction, which would prohibit the carrier's reimbursement from a third-party recovery for payments made from the deductible amount, an injured employee's recovery would vary depending on whether his employer had a deductible plan and on the size of that deductible. In fact, under such an approach, if an employer chose to forego a deductible plan and pay higher premiums, its injured employee would receive less money out of a third-party recovery than if the employer chose a deductible plan and paid lower premiums. We think it unlikely that the Legislature intended that result. Instead, section 5.55C(f) does not apply when the recovery from a third-party tortfeasor is sufficient to reimburse the carrier for all benefits it has paid, including from the deductible. But its inclusion in Article 5.55C

was necessary to prevent employers from requiring employees to pay the deductible amount when there is no third-party recovery or when the third-party recovery is insufficient to fully reimburse the carrier. Because the employer must then reimburse the carrier for all or part of the deductible amount because it is not being paid by a third-party tortfeasor, section 5.55C(f) prohibits the employer from requiring the injured employee to pay that deductible.

Our construction is consistent with the Texas Department of Insurance's position. The Department is the agency legislatively charged with "regulat[ing] the business of insurance in this state" and "ensur[ing] that [the Insurance Code] and other laws regarding insurance and insurance companies are executed." TEX. INS.CODE § 31.002. Rule XIX of the Department's publication *Texas Basic Manual of Rules, Classifications and Experience Rating Plan for Workers' Compensation and Employers' Liability Insurance* (2nd Reprint) provides that "[i]n the event the insurer makes a recovery from a third party through subrogation, the amount recovered shall first be applied to the amount paid on the claim by the insurer and then to the amount of the deductible paid by the insured, with reimbursement being made to the insured, if necessary." *Id.* at R–1. This construction is reasonable and consistent with the statute's plain language, and is therefore entitled to "serious consideration." *Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex.1993).

### III. Conclusion

In sum, we conclude that Argonaut must be reimbursed from the settlement proceeds for the benefits it has paid to and on

---

1. *See* TEX.REV.CIV. STAT. art. 8307, § 6a, repealed by Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(10), 1989 Tex. Gen. Laws 1, 114.

behalf of Baker, including those paid from the deductible. Accordingly, we reverse the court of appeals' judgment in part and remand to the trial court for further proceedings consistent with this opinion.

Justice O'NEILL concurred in the judgment only.

Justice HANKINSON filed a dissenting opinion.

Justice HANKINSON, dissenting.

The facts of this case are perhaps no different than any other case in which a third party injures someone covered by worker's compensation insurance, and in accord with its statutory subrogation rights, the worker's compensation insurer seeks to recoup benefits paid. But there is one essential difference in this case that the Court discusses but then disregards—that is, that Anthony Baker's employer, Flowers Construction Company, chose an insurance plan with an optional self-insured deductible of $250,000, but then did not pay any part of that deductible to its workers' compensation carrier, Argonaut Insurance Company. By choosing a deductible plan, Flowers received a substantial premium discount of over $400,000. But also by choosing a deductible plan, Flowers bound itself to pay the deductible amount to Argonaut under Texas Insurance Code art. 5.55C(d). *See* TEX. INS. CODE art. 5.55C(d).

The Court, however, permits Argonaut to recover the amount of the deductible from Anthony's settlement, instead of from Flowers, even though Flowers is legally responsible under the Insurance Code for paying the deductible, and has not done so. In so holding, the Court accepts Argonaut's contention that the deductible is not relevant, and treats this case as if article 5.55C simply does not exist. This result is contrary to the statutory scheme governing optional deductible plans. More troubling, this result is based on the fiction that Argonaut is asserting its own subrogation right with regard to the deductible, when it is actually asserting Flowers' putative subrogation right. Flowers, however, as an employer, does not have any subrogation interest under the express terms of the Labor Code. *See* TEX. LAB.CODE §§ 417.001(b), 401.011(27). Thus, the Court has shifted the risk represented by the employer's choice of a deductible policy from the employer to the employee, which the Legislature has plainly forbidden, and created statutory subrogation rights in favor of the employer, which the Legislature has plainly not provided. Accordingly, I respectfully dissent.

In its 1989 overhaul of the worker's compensation system, one of the Legislature's primary goals was to reduce the cost of worker's compensation insurance and bring more employers into the system. *See* Ashcraft & Alessandra, *A Review of the New Texas Workers' Compensation System*, 21 TEX. TECH. L.REV. 609, 610 (1990); 1 MONTFORD ET AL., A GUIDE TO TEXAS WORKERS' COMP REFORM, at 1–2 (1991). As part of its efforts to achieve that goal, the Legislature amended the Insurance Code to authorize, among other reforms, premium incentives for small employers, group insurance, certified self-insurance, and certain loss-sensitive insurance arrangements, including retrospectively rated policies and optional deductible plans. Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 13.08, 1989 Tex. Gen. Laws 85; 2 MONTFORD, *supra*, at 13–8. A deductible plan allows an employer to reduce its premium by agreeing to reimburse the insurer for benefits the insurer pays to injured employees up to the deductible amount. *See* TEX. INS.CODE art. 5.55C(c), (d). This kind of plan effectively shifts the risk of having to pay the amount of the deductible away from the

insurer and to the employer in exchange for a reduction of the insurance premium.

Deductible plans are governed by the detailed provisions of Insurance Code art. 5.55C. Article 5.55C requires worker's compensation carriers to offer optional deductible plans that allow employers to self-insure for the deductible amount. TEX. INS.CODE art. 5.55C(a). It further requires that the policy "must provide that the company ... will make all payments for benefits that are payable from the deductible amount and that reimbursement by the policyholder shall be made periodically, rather than at the time claim costs are incurred." *Id.* art. 5.55C(d). The Legislature also specified that "[a] person who is employed by a policyholder who self-insures the deductible amount as provided under this article may not be required to pay any of the deductible amount." *Id.* art. 5.55C(f); *see also* TEX. LAB.CODE § 415.006(a) ("An employer may not collect from an employee, directly or indirectly, a premium or other fee paid by the employer to obtain workers' compensation insurance coverage," except under certain circumstances concerning general contractors, subcontractors, and motor carriers).

The Bakers' argument is simple—that under article 5.55C, they cannot be made to pay the deductible on Flowers' behalf out of Anthony's settlement, and that Argonaut cannot assert a subrogation right on behalf of Flowers to recover the deductible out of Anthony's settlement. The Court rejects that argument based on the general subrogation right granted insurers in Labor Code §§ 417.001 and 417.002. In so doing, the Court seems to be of the view that article 5.55C applies only when there is no recovery from a third party or the recovery is less than the deductible amount. But article 5.55C contains no such limiting language, and does not differentiate between collecting a deductible

out of an employee's paycheck and out of his settlement proceeds or damages recovery. *See* TEX. INS.CODE art. 5.55C(f) (an employee of an employer who self-insures the deductible "may not be required to pay any of the deductible amount"); *see also* TEX. LAB.CODE § 415.006(a) ("[a]n employer may not collect from an employee, directly or indirectly, a premium or other fee paid by the employer to obtain workers' compensation insurance coverage").

We can harmonize the specific provisions governing deductible plans with an insurer's general statutory right to subrogation under Labor Code §§ 417.001 and 417.002. *See* TEX. GOV'T CODE § 311.026(a) ("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both."). Sections 417.001 and 417.002 establish the carrier's right to recoup benefits paid, but do not address recovery of a deductible. *See* TEX. LAB. CODE §§ 417.001(b), 417.002(a). As explained above, deductible plans are governed by the specific provisions of article 5.55C, which mandate that the employer make periodic payments toward the deductible, and forbid requiring the employee to pay any of the deductible amount. TEX. INS.CODE art. 5.55C(d), (f). The specific provisions of article 5.55C can be reconciled with a carrier's general statutory right to subrogation by reimbursing the carrier from an employee's settlement or damages recovery for benefits paid over the deductible amount. But because the Legislature has mandated that an employee cannot be required to pay any part of the deductible, the carrier must seek reimbursement for the deductible from the party statutorily and contractually responsible to pay it—the employer.

Thus my interpretation of the relevant sections of the Insurance Code and the Labor Code provides for full reimburse-

ment to the insurer of all benefits it has paid, while at the same time preventing it from shifting payment of the deductible from the employer to the employee. An insurer that has paid benefits to an injured employee may recoup any amounts in excess of the deductible from the employee's settlement or damages recovery, thereby giving effect to Labor Code §§ 417.001 and 417.002, but then must look to the employer to reimburse the deductible amount, thereby giving effect to Insurance Code art. 5.55C. This ensures that the employer bears the financial risk it assumed when it opted for a lower premium in exchange for a higher deductible, without defeating the insurer's right to subrogation for the benefits it has paid.

Moreover, to permit Argonaut to recoup the deductible owed by Flowers means that Argonaut is actually asserting subrogation rights on Flowers' behalf. Argonaut's counsel agreed as much in briefing and at oral argument of this cause: "[T]he insurer in this case is actually also pursuing the employer's subrogation rights to the extent of the employer's deductible." (Brief on the Merits at 9); "[I]n a sense Argonaut stands here today also in the shoes of Flowers Construction under the contract." (Oral Argument Transcript at 3). But an employer who chooses a deductible plan does not have subrogation rights under the Labor Code. Subrogation rights under sections 417.001 and 417.002 are limited to entities defined as an "insurance carrier," which includes insurance companies, certified self-insurers, and self-insured governmental entities. TEX. LAB. CODE § 401.011(27). Employers who choose optional deductible plans do not fall within any of those categories, and thus do not have statutory subrogation rights under the worker's compensation law. *See id.* §§ 401.011(6) (defining "certified self-insurer"), 401.011(28) (defining "insurance company").

The carrier simply does not have a subrogation right with regard to the deductible. Permitting the carrier to recover the deductible in this case is possible only if one accepts Argonaut's proffered fiction that it is asserting its own subrogation right, when it is actually asserting the employer's putative subrogation right. But by accepting this fiction, the Court extends subrogation rights to employers with deductible plans, notwithstanding: (1) the absence of such rights in the Labor Code; (2) that the Insurance Code requires the employer to pay the deductible; and (3) that the claim against the third party belongs to the employee. *See Franks v. Sematech, Inc.,* 936 S.W.2d 959, 960 (Tex.1997) ("There is but one cause of action for an employee's injuries, and it belongs to the employee."); *Guillot v. Hix,* 838 S.W.2d 230, 232 (Tex.1992). The Legislature could easily amend the Labor Code to give statutory subrogation rights to employers with deductible policies or amend the Insurance Code to specify that article 5.55C applies only when there is no recovery from a third party, or when the recovery is less than the deductible amount. But the Court's effort to treat Argonaut's subrogation claim on Flowers' behalf as if it were Argonaut's own subrogation claim effectively amends the statutes in the Legislature's stead.

Nor is Anthony receiving a double recovery, as Argonaut contends. Anthony suffered severe permanent injuries, including brain damage, when an eighteen-wheel tractor-trailer going the wrong way on a divided highway slammed into the van he was riding in while on the job. His wife sued the driver and trucking company on behalf of Anthony and their children. The trucking company's insurer tendered policy limits, and shortly after the Bakers filed suit the parties settled for $657,000 in cash and $225,000 in an annuity. Although An-

thony's family members each claimed loss of consortium, the parties allocated the full settlement amount to Anthony. There is no dispute that Anthony's ongoing medical expenses will likely exceed the amount of the settlement and his worker's compensation benefits. Thus Anthony has yet to be made whole, and so Argonaut's contention that he is receiving a double recovery in this case is incorrect. Furthermore, this argument is beside the point.

The specialized statutory subrogation rule in worker's compensation—that first money goes to the insurer—exists because we have a no-fault worker's compensation system. And under that no-fault system, for public policy reasons, we permit the insurer to recoup what it has paid ahead of anyone else's interest, sometimes in derogation of the employee's right to be made whole, a right that would be superior under equitable subrogation principles. *Compare Capitol Aggregates, Inc. v. Great Am. Ins. Co.,* 408 S.W.2d 922, 923 (Tex. 1966) (stating that compensation carrier entitled to first money paid to or recovered by employee), *with Ortiz v. Great S. Fire & Cas. Ins. Co.,* 597 S.W.2d 342, 343 (Tex. 1980) (stating that under equitable subrogation, "[a]n insurer is not entitled to subrogation if the insured's loss is in excess of the amounts recovered from the insurer and the third party causing the loss."). So long as the insurer can recoup the amounts it has paid, the purpose of subrogation in the worker's compensation scheme is fulfilled. Moreover, that the Department of Insurance has taken a position consistent with Argonaut's construction of the relevant statutory provisions, and that the policy here contained language consistent with that construction, does not make that construction any more persuasive. *See Continental Casualty Co. v. Downs,* 81 S.W.3d 803, 805 (Tex.2002). That construction is at odds with the Legislature's plain language forbidding an em-

ployee from paying the deductible and excluding employers from those entitled to statutory subrogation rights.

This cause presents a simple question: As between the employer and the employee, who should reimburse the carrier for the deductible? I agree with the court of appeals' answer that "[r]egardless of how it is characterized, reimbursement of the deductible amount out of an employee's recovery from a third-party amounts to payment of the deductible by the employee instead of the employer. This is statutorily forbidden." 36 S.W.3d at 591. Deductible plans were designed to shift risk between insurers and employers, and employers agree to accept that risk, not shift that risk to employees. Argonaut is clearly entitled to recoup the full amount of benefits it has paid, but offers no reason why it cannot look to Flowers to reimburse the deductible as required by article 5.55C and the insurance policy. To permit Argonaut to recoup the deductible amount out of Anthony's settlement proceeds conflicts with both article 5.55C(d)'s mandate that employers reimburse carriers for benefits paid to the extent of the deductible amount and article 5.55C(f)'s prohibition on requiring employees to pay any of the deductible amount. It also creates statutory subrogation rights in favor of employers, when the Labor Code does not provide them. Accordingly, I respectfully dissent.