## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 9, 2005

Mr. Randall S. James, Commissioner
Texas Department of Banking
2601 North Lamar Boulevard
Austin, Texas 78705-4294

Opinion No. GA-0310

Re: Whether a funeral establishment must comply with a statutory requirement that it obtain a "cremation authorization form" signed by an "authorizing agent" when a purchaser in a prepaid funeral contract has previously specified disposition of the purchaser's remains by cremation (RQ-0271-GA)

Dear Commissioner James:

You ask whether a funeral establishment must comply with a statutory requirement that it obtain a "cremation authorization form" signed by an "authorizing agent" when a purchaser in a prepaid funeral contract has previously specified disposition of the purchaser's remains by cremation.[1]

Chapter 154 of the Finance Code, denominated "Prepaid Funeral Services," vests the administration of prepaid funeral contracts in the Department of Banking (the "Department") and authorizes the Department to adopt reasonable rules for such administration. TEX. FIN. CODE ANN. § 154.051(a)-(b) (Vernon Supp. 2004-05). A "person," defined as "an individual, firm, partnership, corporation, or association," id. § 154.002(8), must, in order to sell prepaid funeral contracts:

> (1) file an application for a permit with the department on a form prescribed by the department;
>
> (2) pay a filing fee in an amount set by the commission under Section 154.051; and
>
> (3) if applicable, pay extraordinary expenses required for out-of-state investigation of the person.

---

[1]Letter from Mr. Randall S. James, Commissioner, Texas Department of Banking, to Honorable Greg Abbott, Texas Attorney General (Sept. 7, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

*Id.* § 154.102. The Department is required to "approve a sales contract form for prepaid funeral benefits before the form is used." *Id.* § 154.151(a). Section 154.1551(a) provides, in relevant part:

> (a) The funeral merchandise and services to be provided by the seller under a fully paid prepaid funeral benefits contract may be modified after the death of the beneficiary if the modification complies with Subsection (b) or is otherwise agreed to in a writing signed by the seller and the person charged with the disposition of the beneficiary's remains by Section 711.002(a), Health and Safety Code, except that:
>
> > (1) if the purchaser is also the beneficiary:
> >
> > > (A) the contracted funeral merchandise and services may not be modified if the contract contains a clause that prohibits modification; and
> > >
> > > (B) a modification may not change the type of disposition specified by the purchaser in the contract, whether by burial, cremation, or another alternative by which the purchaser's remains attain their final resting place, as provided by Section 711.002(g), Health and Safety Code . . . .

*Id.* § 154.1551(a)(1)(A)-(B). Thus, chapter 154 of the Finance Code specifically declares that, where a purchaser of a prepaid funeral contract specifies in the document that, on death, the purchaser's remains shall be disposed of by cremation, and that such contract may not be modified, the decedent's remains must be cremated.

Section 711.002 of the Health and Safety Code imposes virtually the same requirement:

> (a) *Unless a decedent has left directions in writing for the disposition of the decedent's remains as provided in Subsection (g),* the following persons, in the priority listed, have the right to control the disposition, including cremation, of the decedent's remains, shall inter the remains, and are liable for the reasonable cost of interment:
>
> > (1) the person designated in a written instrument signed by the decedent;
> >
> > (2) the decedent's surviving spouse;
> >
> > (3) any one of the decedent's surviving adult children;

(4) either one of the decedent's surviving parents;

(5) any one of the decedent's surviving adult siblings; or

(6) any adult person in the next degree of kinship in the order named by law to inherit the estate of the decedent.

. . . .

(g) *A person may provide written directions for the disposition, including cremation, of the person's remains in* a will, *a prepaid funeral contract,* or a written instrument signed and acknowledged by such person. . . . *The directions may be modified or revoked only by a subsequent writing signed and acknowledged by such person. The person otherwise entitled to control the disposition of a decedent's remains under this section shall faithfully carry out the directions of the decedent to the extent that the decedent's estate or the person controlling the disposition are financially able to do so.*

TEX. HEALTH & SAFETY CODE ANN. § 711.002(a), (g) (Vernon 2003) (emphasis added). Again, where a purchaser of a prepaid funeral contract has therein designated cremation as part of that contract, the purchaser's preference may not be overruled or modified. We limit our discussion here to a situation in which a decedent has designated in a prepaid funeral contract that the purchaser's remains shall be cremated.

In 2003, the legislature added chapter 716, denominated "Crematories," to the Health and Safety Code.[2] Section 716.051 provides:

Except as otherwise provided in this chapter, a crematory establishment may not cremate deceased human remains until it receives:

(1) a cremation authorization form signed by an authorizing agent; and

(2) a death certificate or other death record that indicates that the deceased human remains may be cremated.

---

[2]*See* Act of May 8, 2003, 78th Leg., R.S., ch. 178, 2003 Tex. Gen. Laws 253, 253-64.

*Id.* § 716.051 (Vernon Supp. 2004-05). Section 716.052 describes the contents of a cremation authorization form. *See id.* § 716.052(a)-(d). It also requires a representative of the contracting funeral establishment to sign the form and directs a crematory establishment to "provide a cremation authorization form to an authorizing agent on request." *Id.* § 716.052(d).

You indicate that

> [a] question has recently arisen regarding the relationship between statutory provisions that authorize a person to direct the disposition of [that person's] remains and prohibit a funeral provider from disposing of the remains in any other manner, and provisions that prohibit a funeral provider from cremating remains without written authorization from an authorizing agent . . . . The question has arisen because, in some instances, the person who is the statutorily designated authorizing agent has refused, for religious or other reasons, to execute the required form, even though the decedent has provided written directions in a prepaid funeral contract specifying disposition by cremation.

Request Letter, *supra* note 1, at 1. You therefore ask whether, and if so how, these provisions may be reconciled. *See id.* at 2.

At first glance, section 716.051 of the Health and Safety Code, which prohibits a crematory establishment from cremating "deceased human remains until it receives . . . a cremation authorization form signed by an authorizing agent," would seem to be in irreconcilable conflict with both section 154.1551 of the Finance Code and section 711.002 of the Health and Safety Code, which require a crematory establishment to fulfill, upon a person's death, its contractual obligation to the purchaser of a prepaid funeral contract. We are admonished, however, to harmonize statutes concerning the same subject matter, if possible, so as to give effect to all. *See* TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 1998); *Argonaut Ins. Co. v. Baker,* 87 S.W.3d 526, 531 (Tex. 2002) (harmonizing Insurance Code and Labor Code provisions); *Acker v. Tex. Water Comm'n,* 790 S.W.2d 299, 301 (Tex. 1990) (harmonizing predecessor of Administrative Procedure Act and Open Meetings Act provisions). And in our view, these disparate statutes may be readily harmonized.

Section 716.001 of the Health and Safety Code, part of the 2003 legislation, defines "authorizing agent" as "a person authorized to dispose of a decedent's remains under Section 711.002." TEX. HEALTH & SAFETY CODE ANN. § 716.001(1) (Vernon Supp. 2004-05). As we have indicated, section 711.002(a) lists a number of individuals who may control the disposition of a decedent's remains. But the wishes of such persons are subject to an overriding qualification: "Unless a decedent has left directions in writing for the disposition of the decedent's remains . . . ." *Id.* § 711.002(a) (Vernon 2003). Moreover, subsection (g) of chapter 711 contemplates that "[a] person may provide written directions for the disposition, including cremation, of the person's remains in a . . . prepaid funeral contract." *Id.* § 711.002(g). We therefore conclude that, (1) because section 716.051 requires the signature of an "authorizing agent," (2) because "authorizing agent" is

defined by reference to section 711.002, and (3) because section 711.002 clearly permits the purchaser of a prepaid funeral contract to designate the disposition of the decedent's remains, no cremation authorization form is required in a situation in which a purchaser of a prepaid funeral contract has specified in that document the disposition of the purchaser's remains.

Finally, to the extent that the application of section 716.052 of the Health and Safety Code would purport to abrogate any provision of a prepaid funeral contract entered into prior to its effective date of September 1, 2003, it may contravene the contract clauses of the federal and state constitutions. *See* U.S. CONST. art. I, § 10, cl. 1; TEX. CONST. art. I, § 16. These provisions prohibit the state from enacting any law that would impair the obligation of contracts. In order to come within the protection of these constitutional provisions, a contract must be legally enforceable and must involve property interests that have a material value. *See Thompson v. Cobb*, 65 S.W. 1090, 1091 (Tex. 1902); *Mexican Nat'l R.R. v. Mussette*, 26 S.W. 1075, 1077 (Tex. 1894).

We conclude that a funeral establishment need not comply with a statutory requirement that it obtain a "cremation authorization form" signed by an "authorizing agent" when a purchaser of a prepaid funeral contract has previously specified disposition of the purchaser's remains by cremation, and therefore, we need not answer your second question as to options available to a funeral establishment if an authorizing agent refuses to sign the cremation authorization form.

## S U M M A R Y

A funeral establishment need not comply with a statutory requirement that it obtain a "cremation authorization form" signed by an "authorizing agent" when a purchaser in a prepaid funeral contract has previously specified disposition of the purchaser's remains by cremation.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee