**Affirmed and Memorandum Opinion filed January 15, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00087-CV

---

### TIM PILAND, Appellant

### V.

### HARRIS COUNTY, TEXAS, Appellee

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 973595**

---

## M E M O R A N D U M   O P I N I O N

In this suit for reimbursement of workers'-compensation benefits, the trial court granted the summary-judgment motion of employer Harris County and denied the summary-judgment motion of the County's employee, Tim Piland. In the dispositive issues asserted in this appeal, Piland contends that the County could seek reimbursement only through a timely claim for conversion, and not through an action on a contract. He additionally argues that the County failed to timely

assert a breach-of-contract claim. Because we conclude that the County could and did timely plead a contract cause of action, we affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Several years before this suit, Tim Piland sued Aramark Correctional Services for a personal injury. Apparently, Piland was employed by Harris County at the time, and the injury was in some way work-related. Piland, Piland's attorney, Aramark, and the County entered into a written agreement to settle the case for $300,000.[1] They further agreed that the County, within ten days of the agreement's date, would document the amounts paid for worker's-compensation benefits paid in connection with Piland's injury, and would be paid that amount directly by Aramark. A few weeks later, the entire $300,000 was paid jointly to Piland and his attorney, and the County received nothing.

More than three-and-a-half years later, the County sued Piland "for payment of its statutory lien which is protected by law as well as pursuant to a contract of settlement for payment of the lien." Nearly a year after that, the County filed a supplemental petition in which it asserted that "the original pleading is based upon a four . . . year statute of limitations." The County further alleged that there was an oral agreement among Piland, Piland's agent, and the County, and that "[t]here is also a written basis for the contractual cause of action."

Piland and the County filed cross-motions for summary judgment. Piland argued that (a) the County's claim is time-barred because a suit "seeking recovery

---

[1] The heading on the settlement agreement identifies the defendant in the personal-injury suit as "ARAMARK Correctional Services," but the agreement was executed by Aramark Management Services, L.P. It is unknown if these are different entities or different names for the same entity. Because the parties have treated the "Aramark" that signed the settlement agreement as the same "Aramark" that is identified as the defendant in the personal-injury suit, we do likewise.

of a claimed subrogation interest" is a claim for conversion that is subject to a two-year limitations period; (b) in its original petition, the County failed to state any cause of action that would support a judgment against Piland; and (c) the County is not entitled to amend its original petition "because the statute of limitations has expired on all theories of possible recovery." The County sought traditional summary judgment on the grounds, *inter alia*, that it was entitled to judgment on its timely asserted breach-of-contract claim.[2]

After the trial court denied Piland's summary-judgment motion, the case was called to trial and the parties agreed that trial court would decide the case based on Piland's motion for reconsideration and on the County's still-pending summary-judgment motion. The trial court denied Piland's motion for reconsideration and granted the County's motion "for traditional summary judgment," but did not otherwise state the basis for its ruling. The trial court awarded the County $59,390.18, together with pre- and post-judgment interest and costs.

In a single issue, Piland contends that the trial court erred in granting the County's motion for summary judgment and denying his own motion because recovery is barred by the statute of limitations.

## II. PRESERVATION OF ERROR

As a threshold issue, the County asserts that some of Piland's appellate arguments are not properly before us. The County points out that in Piland's notice of appeal, he stated that he "desires to appeal the trial court's granting of

---

[2] The County also moved for traditional summary judgment based on equitable grounds and on grounds that were based on arguments for the extension of existing law. In addition, the County sought summary judgment on no-evidence grounds. It is unnecessary for us to detail these arguments or address matters raised in the County's brief but later abandoned. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

[the County's] Motion for Summary Judgment, by order signed on December 21, 2011," but did not state that he also was appealing the trial court's denial of his own motion for summary judgment or for reconsideration of that ruling. The County therefore argues that Piland may not challenge those rulings on appeal. We disagree.

The required contents of a notice of appeal of a civil case are set forth in Texas Rule of Appellate Procedure 25.1(d). As applicable here, the notice of appeal must

(1)   identify the trial court and state the case's trial court number and style;

(2)   state the date of the judgment or order appealed from;

(3)   state that the party desires to appeal;

(4)   state the court to which the appeal is taken unless the appeal is to either the First or Fourteenth Court of Appeals, in which case the notice must state that the appeal is to either of those courts; [and]

(5)   state the name of each party filing the notice . . . .

TEX. R. APP. P. 25.1(d). Piland's notice of appeal includes all of the information necessary to perfect an appeal of the trial court's order of December 21, 2011. In that order, the trial court granted traditional summary judgment for the County and denied Piland's motion for reconsideration of the trial court's ruling on Piland's own summary-judgment motion. This is sufficient to appeal the denial of Piland's summary-judgment motion and allow Piland to challenge this ruling on appeal. *See Lection v. Dyll*, 65 S.W.3d 696, 703 (Tex. App.—Dallas 2001, pet. denied) (treating a motion to reconsider the denial of a summary-judgment motion as "simply a reassertion of the motion for summary judgment").

### III. STANDARD OF REVIEW

A defendant who moves for summary judgment on the affirmative defense of limitations bears the burden to conclusively establish that defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). When both parties move for summary judgment and the appellant challenges the trial court's ruling that grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Mid-Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 153–54 (Tex. 2010) (per curiam) (citing *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004)). When the trial court does not specify the grounds on which summary judgment was granted, we must affirm if any of the summary-judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)). Piland only challenges one issue in connection with the summary judgment—limitations.

### IV. ANALYSIS

By statute, if an employee sustains an injury that is covered by workers'-compensation insurance and successfully sues the tortfeasor who caused the injury, then the net amount recovered must first be applied to reimburse the workers'-compensation insurance carrier for benefits, including medical benefits, that have been paid for the injury. TEX. LABOR CODE ANN. § 417.002(a) (West 2006).[3] "There is nothing discretionary about this statute; a carrier's right to

---

[3] Under the Texas Workers' Compensation Act, an "insurance carrier" includes "a governmental entity that self-insures, either individually or collectively." *Id.* § 401.011(27)(D) (West Supp. 2012). It is undisputed that the County is considered an insurance carrier for the purpose of this suit.

reimbursement is mandatory." *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008). "[U]ntil the carrier 'is paid in full the employee or his representatives have no right to any funds.'" *Id.* at 33 (quoting *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex. 2002)). Thus, "[w]hen an injured worker settles a case without reimbursing a compensation carrier, everyone involved is liable to the carrier for conversion—the plaintiffs, the plaintiffs' attorney, and the defendants." *Id.* at 38; *see also Autry v. Dearman*, 933 S.W.2d 182, 188–89 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ("One who accepts and benefits from at least a portion of the proceeds of a third-party settlement, while having actual notice of the compensation carrier's subrogation rights, does so wrongfully and is subject to a cause of action for conversion.").

## A.    The County is not limited to a claim for conversion.

Relying on our holding in *Autry*, Piland asserts that Texas law "clearly mandates that suits seeking recovery of worker's compensation benefits[4] can do so *only* by asserting a claim for conversion,"[5] a claim that he contends would be time-barred. But, we did not so hold in *Autry*, and we decline to do so now.

It has long been recognized that a party's acts "may breach duties in tort or contract alone or simultaneously in both." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). In *Autry*, we held that the carrier's breach-of-contract claim could not succeed because "there was no contractual relationship" between the carrier and the defendant attorney, who represented the employee in his suit against the tortfeasor and who settled the case without paying the worker's-

---

[4] Both this case and *Autry* involved suits in which one who had paid workers'-compensation benefits asserted a claim for reimbursement against a person who had received settlement proceeds; neither was an appeal from a suit against the tortfeasor for recovery of worker's-compensation benefits.

[5] Emphasis added.

compensation carrier. *Autry*, 933 S.W.2d at 189. We accordingly held that "[u]nder the facts of this case, [the] claim is one for conversion." *Id.* at 188.

The facts here are different from those present in *Autry*. Unlike the parties in *Autry*, Piland as well as the tortfeasor, the litigants' attorneys, and the County all are parties to the settlement agreement that resolved Piland's personal-injury suit. Each of the parties agreed that the County would be reimbursed for the documented amount of worker's-compensation benefits that had been paid in connection with Piland's injury. Thus, at least as to those benefits that had been paid by the time of the settlement agreement, the obligation to reimburse the County had a contractual basis. Under the settlement agreements, the County could sue Piland for breach of contract.

Here, the parties disagree as to whether the County timely asserted a contract claim.

**B. The County's original petition includes a timely contract claim.**

Although the County did not name the cause or causes of action asserted in its original and supplemental petition, a pleading "is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). *See also* TEX. R. CIV. P. 47(a) ("An original pleading which sets forth a claim for relief . . . shall contain . . . a short statement of the cause of action sufficient to give fair notice of the claim involved . . . ."); TEX. R. CIV. P. 45(b) ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole.") Piland did not specially except to the County's pleadings, and defects in pleadings that are not specifically pointed out in written exceptions and timely brought to the trial court's attention are

7

waived. TEX. R. CIV. P. 90. In the absence of special exceptions, courts must construe the pleadings liberally in favor of the pleader. *Horizon/CMS Healthcare*, 34 S.W.3d at 897 (citing *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)). As a result, courts "should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles*, 855 S.W.2d at 601.

The County did not use the word "breach" in its pleadings, but the facts alleged were sufficient to apprise Piland that the County was asserting a contract claim. In its original petition, the County stated that it sued "for payment of its statutory lien which is protected by law *as well as pursuant to a contract of settlement for payment of the lien*." (emphasis added). In the same pleading, the County alleged that in February or March of 2007, "a third[-]party suit was resolved for three hundred thousand dollars . . . which included a . . . statutory lien . . . which had been promised to be paid." Finally, the County stated that it had not been paid. Given Piland's failure to file special exceptions, these allegations were sufficient to apprise Piland that the County's suit included a claim for breach of a settlement contract in which the parties agreed that the County's statutory lien would be paid.

We further conclude that the County's breach-of-contract claim is not time-barred. The County asserted the claim in its original petition filed less than four years after the settlement check was issued and cashed. Thus, the County filed suit asserting this claim before the four-year limitations period applicable to breach-of-contract actions expired.

We overrule the sole issue presented for review.

## V. CONCLUSION

The County's contract claim was both permissible and timely asserted, and Piland presents no other challenge to the summary judgment on the County's contract claim. We accordingly affirm the judgment.


/s/    Tracy Christopher
            Justice


Panel consists of Justices Frost, Christopher, and Jamison.