# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00077-CV

Appellants, Texas State Board of Examiners of Marriage and Family Therapists;
Charles Horton in his Official Capacity; Sandra DeSobe in her Official Capacity, and
Texas Association of Marriage and Family Therapy //
Cross-Appellant, Texas Medical Association

v.

Appellee, Texas Medical Association//
Cross-Appellees, Texas State Board of Examiners of Marriage and Family Therapists;
Charles Horton in his Official Capacity; Sandra DeSobe in her Official Capacity, and
Texas Association of Marriage and Family Therapy

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-08-003279, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## O P I N I O N

The Texas Medical Association (TMA) sued the Texas State Board of Examiners of

Marriage and Family Therapists (the Therapist Board), its executive director, its presiding officer,

and the Texas Association for Marriage and Family Therapy (collectively, the Therapist Defendants)

seeking declarations that certain portions of two of the Therapist Board's administrative rules are

invalid. *See* Tex. Admin. Code §§ 801.42(13) (2014) (Texas State Bd. of Exam'rs of Marriage &

Family Therapists, Professional Therapeutic Services), .44(q) (Texas State Bd. of Exam'rs of

Marriage & Family Therapists, Relationships with Clients). Specifically, the TMA asserted that the

rules are void because they (1) impermissibly expand the scope of practice for marriage and family

therapists under the Licensed Marriage and Family Therapist Act and (2) conflict with the Medical Practice Act by allowing marriage and family therapists to engage in the practice of medicine. On cross-motions for summary judgment, the trial court declared that only one of the rules was invalid. Both parties have appealed. For the reasons that follow, we will affirm the trial court's judgment.

## BACKGROUND

The practice of medicine in Texas is governed by the Texas Medical Practice Act and regulated by the Texas Medical Board. *See* Tex. Occ. Code §§ 151.001-168.202. Among other things, the Medical Practice Act requires that a person have a Medical Board-issued license to lawfully "practice medicine" in the State. *Id*. § 155.001. "Practicing medicine" is defined as "the diagnosis, treatment, or offer to treat a mental or physical disease or disorder or a physical deformity or injury by any system or method, or the attempt to effect cures of those conditions" by a person who either "directly or indirectly charges money or other compensation for those services" or publicly professes to be a physician or surgeon. *Id*. § 151.002(a)(13).

The practice of "marriage and family therapy" is regulated by the Licensed Marriage and Family Therapists Act. *Id*. §§ 502.001-.455. The Act defines the practice of "marriage and family therapy" as

> providing professional therapy services to individuals, families, or married couples, alone or in groups, that involve applying family systems theories and techniques. The term includes the evaluation and remediation of cognitive, affective, behavioral, or relational dysfunction in the context of marriage or family systems.

*Id*. § 502.002(6). The Act imposes licensing requirements on marriage and family therapists and delegates regulatory authority to the Therapist Board. *See id*. §§ 502.151, .251.

2

In 1994, the Therapist Board adopted administrative Rule 801.42, listing the "professional therapeutic services" that a marriage and family therapist may provide. *See* 22 Tex. Admin. Code § 801.42. In relevant part, subsection 13 of Rule 801.42 provides that a marriage and family therapist may provide "diagnostic assessment which utilizes the knowledge organized in the Diagnostic and Statistical Manual of Mental Disorders (DSM) as well as the International Classification of Diseases (ICD)." *Id.* § 801.42(13). The Therapist Board later promulgated Rule 801.44 describing the relationship between marriage and family therapists and their clients. *See id.* § 801.44. Rule 801.44, subsection q, provides that "a [licensed marriage and family therapist] shall base all services on an assessment, evaluation, or diagnosis of the client." *Id.* § 801.44(q).

In 2008, the Texas Medical Association (TMA) sued the Therapist Board and the other Therapist Defendants seeking a declaration that Rule 801.42(13) and Rule 801.44(q) are invalid because they exceed the Board's statutory rule-making authority. The TMA did not challenge the Therapist Board's general authority to adopt rules concerning the scope of practice for licensed marriage and family therapists. Instead, the TMA argued that Rule 801.42(13) and Rule 801.44(q) are inconsistent with the scope of practice for marriage and family therapists as defined in Section 502.002(6) of the Licensed Marriage and Family Therapists Act. Alternatively, the TMA claimed that the statutory scope of practice under Section 502.002(6) is unconstitutional.

The parties subsequently filed cross-motions for summary judgment. The TMA moved for summary judgment on its claims that the rules were invalid; the Therapist Defendants moved for summary judgment seeking a take-nothing judgment on the TMA's claims. The trial court granted the TMA's motion in part and determined that Rule 801.42(13) exceeds the Therapist Board's

3

statutory authority under Section 502.002(6). As a result, the trial court declared that Rule 801.42(13) is invalid. The trial court, however, also granted the Therapist Defendants' motion in part, ordering that the TMA take nothing on its claim for a declaration that Rule 801.44(q) is invalid. The Therapist Defendants appealed, and the TMA filed a cross-appeal.

In their sole issue on appeal, the Therapist Defendants contend that the trial court erred in finding that the Therapist Board exceeded its rulemaking authority under the Licensed Marriage and Family Therapists Act in adopting Rule 801.42(13). Conversely, in its cross-appeal, the TMA contends that the trial court erred in refusing to declare that Rule 801.44(q) is invalid. In addition, the TMA argues that if Rule 801.44(q) does not conflict with the Licensed Marriage and Family Therapists Act, the trial court erred in failing to conclude that the Act and the Rules are unconstitutional under article XVI of the Texas Constitution.

## STANDARD OF REVIEW

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is proper when the summary-judgment evidence shows that there are no disputed issues of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166(a)(c). When, as here, both parties move for summary judgment on overlapping issues and the trial court grants one motion and denies the other, we consider the summary-judgment evidence presented by both sides and determine all questions presented. *Valence*, 164 S.W.3d at 661. If we determine that the trial court erred, we render the judgment the trial court should have rendered. *Id*.

**ANALYSIS**

In this appeal, we must determine whether the Therapist Board exceeded its rule-making authority in promulgating Rule 801.42(13) and Rule 801.44(q). The Therapist Board, as a state administrative agency, has only those powers that the legislature expressly confers upon it and those implied powers that are reasonably necessary to carry out its express functions or duties. *Public Util. Comm'n of Tex. v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315 (Tex. 2001). Absent specific or implied statutory authority, an agency rule is invalid. *Id*. An agency may not exercise what is effectively a new power based on a claim that the exercise is expedient for administrative purposes. *Id*.

To establish a rule's facial invalidity, a challenger must show that the rule (1) contravenes specific statutory language, (2) is counter to the statute's general objectives, or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions. An agency rule is presumed valid, and the challenging party bears the burden to demonstrate its invalidity. *Office of Pub. Util. Counsel v. Public Util. Comm'n of Tex.*, 131 S.W.3d 314, 321 (Tex. App.—Austin 2004, pet. denied).

The parties' arguments on appeal primarily concern the proper construction of the Licensed Marriage and Family Therapists Act. We review questions of statutory construction de novo. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008). When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent. *Id*. at 631-32. In determining legislative intent, we begin with the statute's words. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We use any definitions provided by the statute and assign

5

undefined terms their ordinary meaning, unless a different, more precise definition is apparent from the term's use in the context of the statute. *Id*.

Where the statutory text is clear, it is determinative of legislative intent, unless enforcing the plain meaning of the statute's words would lead to absurd results. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). If a statute is ambiguous—i.e., there is more than one reasonable interpretation—we give "serious consideration" to the construction of the statute by the administrative agency charged with its enforcement, "so long as the construction is reasonable and does not conflict with the statute's language." *Railroad Comm'n of Tex. v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628-30 (Tex. 2011).

With these principles in mind, we first examine whether the trial court erred in concluding that the Therapist Board exceeded its rule-making authority in promulgating Rule 801.42(13). In relevant part, this Rule states:

> The following are professional therapeutic services which may be provided by a Licensed Marriage and Family Therapists or a Licensed Marriage and Family Therapist Associate.
>
> . . .
>
> > (13) Diagnostic assessment which utilizes the knowledge organized in the Diagnostic and Statistical Manual of Mental Disorders (DSM) as well as the International Classification of Diseases (ICD) as part of [a marriage and family therapist's] therapeutic role to help individuals identify their emotional, mental, and behavioral problems when necessary.

22 Tex. Admin. Code § 801.42(13).

6

In its sole issue on appeal, the Therapist Defendants argue that the trial court erred in concluding that the Therapist Board exceeded its rulemaking authority in promulgating Rule 801.42(13). The Therapist Defendants point out that Section 502.002(6) of the Licensed Marriage and Family Therapists Act allows marriage and family therapists to provide "professional therapy services" including "evaluation of . . . cognitive, affective, behavioral, or relational dysfunction." *See* Tex. Occ. Code § 502.002(6). The Therapist Defendants argue that (1) the plain meaning of the terms "evaluation," as used in Section 502.002(6), and "diagnostic assessment," as used in Rule 801.42(13), involve the same process of examining a patient and forming a judgment about the patient's condition; and (2) the term "evaluation," if anything, is a broader, more general term that includes "diagnosis." The Therapist Defendants also argue that the language in Section 502.002(6) authorizing marriage and family therapists to "evaluat[e] cognitive, affective, behavioral, or relational dysfunction" would be meaningless if the therapists could not also "utilize the [Diagnostic and Statistical Manual of Mental Disorders]."[1] In short, the Therapist Defendants contend that the scope of practice for marriage and family therapists under Section 502.002(6) is intentionally broad and unambiguously includes the ability to diagnose, utilizing the DSM, certain mental disorders. In the alternative, the Therapist Defendants argue that, to the extent that the scope of practice under the Licensed Marriage and Family Therapists Act is ambiguous, we should defer to the Therapist Board's interpretation. *See Texas Citizens*, 336 S.W.3d at 625.

---

[1] The Diagnostic and Statistical Manual of Mental Disorders (DSM) is a 900 page categorical classification system that divides mental disorders into types based on criteria sets with defining features. *Diagnostic and Statistical Manual of Mental Disorders* (American Psychiatric Association, Text Revision, 4th ed. (2000)). According to the Therapist Defendants, the DSM is an authoritative compilation of information about mental disorders and represents the best consensus of the psychiatric profession on how to diagnose mental disorders.

In response, the TMA argues that the trial court correctly concluded that Rule 801.42(13) is invalid because the diagnosis of any mental disease or disorder is outside the scope of practice for marriage and family therapists under Section 502.002(6). The TMA contends that the terms "evaluation" and "diagnosis" are not equivalent and that, in fact, the Therapist Board's own rule—Rule 801.44(q), providing that all services be "based on an assessment, evaluation, *or* diagnosis"—acknowledges that they are not. *See* 22 Tex. Admin. Code § 801.44(q) (emphasis added). The TMA contends that, based on the plain language of Section 502.002(6), "a licensed marriage and family therapist can examine and judge the worth, quality, significance, amount or condition of abnormal or impaired thinking, emotions, actions and relationships in the context of marriage and family systems," but under the Medical Practice Act, only a person licensed to practice medicine can diagnose mental diseases or disorders.

As previously discussed, under the Medical Practice Act, a person who engages in the "diagnosis" of a mental disease or disorder for compensation is practicing medicine, and only a person with a Medical Board-issued license may practice medicine in this State. *See* Tex. Occ. Code § 155.001. In addition, the eligibility requirements to obtain a license to practice marriage and family therapy in Texas are distinct from those necessary to obtain a license to practice medicine. *Compare id*. § 155.003 (eligibility requirements to obtain license to practice medicine), *and id*. § 155.051 (license examination for license to practice medicine), *with id*. § 502.252 (requirements to obtain license to practice marriage and family therapy), *and id*. § 502.254 (license examination for license to practice marriage and family therapy). Nevertheless, under the Therapist Defendants' construction of Section 502.002(6), licensed marriage and family therapists could engage in what

8

is plainly the practice of medicine without a Medical Board-issued license. *See id*. § 151.002(a)(13) (defining "practicing medicine" as "the diagnosis . . . [of] of mental or physical disease or disorder"). There is no exemption under the Medical Practice Act allowing marriage and family therapists to practice medicine in Texas without a Medical Board-issued license. *See id*. § 151.052 (exemptions from Medical Practice Act). Consequently, the Therapist Board's construction of the scope of practice under Section 502.002(6) is in direct conflict with the licensing requirements of the Medical Practice Act.

Absent a contrary intention in either the Licensed Marriage and Family Therapists Act or the Medical Practice Act, we must presume that the legislature intended both statutes to be fully effective. Tex. Gov't Code § 311.021(2); *CenterPoint Energy Houston Elec., LLC v. Gulf Coast Coal. of Cities*, 263 S.W.3d 448, 461 (Tex. App.—Austin 2008), *aff'd sub nom. Texas Indus. Energy Consumers v. CenterPoint Energy Houston Elec., LLC*, 324 S.W.3d 95 (Tex. 2010). We also presume that the legislature was aware of the requirements of the Medical Practice Act when it subsequently enacted the Licensed Marriage and Family Therapists Act. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). Although the legislature was aware that only persons licensed by the Medical Board may practice medicine in Texas, it did not provide an exemption from the Medical Practice Act's requirements for marriage and family therapists when it adopted the Licensed Marriage and Family Therapists Act. We therefore must construe the statutory scope of practice under the Licensed Marriage and Family Therapists Act "in a manner that harmonizes rather than conflicts with that law." *CenterPoint Energy Houston Elec.*, 263 S.W.3d at 461 (*citing Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 531 (Tex. 2002)).

9

The parties agree that the ordinary meaning of the term "evaluation" is "to examine and judge concerning the worth, quality, significance, amount, degree or condition."[2] *See Webster's Third New Int'l Dictionary* 786 (2002). In contrast, the term "diagnosis" means "the act or process of discovering or identifying a diseased condition by means of a medical examination." *See Webster's New World College Dictionary* 397 (4th ed. 2001); *see also Mosby's Medical Dictionary* 546 (8th ed. 2009) ("diagnose" means "identification of a disease or condition by scientific evaluation of physical signs, symptoms, history, laboratory test results, and procedures"). Based on the plain meaning of the terms "evaluation" and "diagnosis," we conclude that the terms are related but are not synonymous. That is, while all diagnoses arise from some type of evaluation, not all evaluations necessarily lead to a diagnosis. The TMA's construction of Section 502.002(6)—that a therapist's authority to "evaluat[e] and remediat[e] [certain] dysfunctions" does not include the authority to conduct "diagnosis . . . [of] a mental . . . disease or disorder"—recognizes this distinction between the relevant terms and gives effect to both the Licensed Marriage and Family Therapists Act and the Medical Practice Act.

In support of their construction, the Therapist Defendants point out that in numerous statutes in which the legislature has expressly prohibited certain medical professions from diagnosing, the legislature has done so in clear and express terms. *See* Tex. Occ. Code §§ 262.151(a)(3)(A) (dental hygienists may not "diagnose a dental disease or ailment"), 301.002(2) (professional nursing "does not include acts of medical diagnosis"), 453.006(a) (physical therapists "may not engage in

---

[2] The terms "evaluation" and "diagnosis" are not defined in the statute. Accordingly, both parties assign the terms their common, ordinary meanings. *See* Tex. Gov't Code § 311.011.

10

diagnosing diseases"). The Therapist Defendants reason that the legislature's failure to expressly prohibit marriage and family therapists from diagnosing indicates that the legislature, in fact, intended for marriage and family therapists to have this ability.

We agree that the legislature has not, by statute, expressly prohibited marriage and family therapists from engaging in diagnosing. We disagree, however, that this lack of an express statutory prohibition means that the legislature necessarily intended to authorize marriage and family therapists to make diagnoses. Instead, we must examine the statute as a whole and determine whether this construction is reasonable. *See* Tex. Gov't Code § 311.021(2), (3); *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010) ("We presume that the Legislature intended all provisions of a statute to be effective, and that it intended a just and reasonable result."). Because we have determined that construing Section 502.002(6) in a manner that includes the authority to diagnose any mental disease or disorder would result in a conflict with the Medical Practice Act, the Therapist Defendant's construction is not reasonable. We conclude that the diagnosis of mental diseases or disorders is excluded from the statutory scope of practice for licensed marriage and family therapists under Section 502.002(6).

Rule 801.42(13) authorizes licensed marriage and family therapists to conduct "diagnostic assessments" utilizing the DSM, a comprehensive classification of mental disorders and diseases. In effect, Rule 801.42(13) authorizes marriage and family therapists to engage in the diagnosis of mental diseases and disorders.[3] Because this authorization exceeds the statutory scope

---

[3] While the parties join issue on whether Rule 801.42(13) exceeds the statutory scope of practice for marriage and family therapists based on their competing interpretations of Section 502.002(6), the proper construction of Rule 801.42(13) is generally not disputed. Both parties

11

of practice for marriage and family therapists permitted under Section 502.002(6), the trial court did not err in granting summary judgment in favor of the TMA on this claim and declaring Rule 810.42(13) invalid. We overrule the Therapist Defendants' sole issue on appeal.

Finally, we consider whether the Therapist Board exceeded its rule-making authority by promulgating Rule 801.44(q). In two related issues, the TMA argues that the trial court erred in denying its motion for summary judgment on this claim because, like Rule 801.42(13), Rule 801.44(q) also unlawfully authorizes marriage and family therapists to diagnose mental diseases and disorders.

As previously discussed, Rule 801.44(q) states:

> [A licensed marriage and family therapist] shall base all services on an assessment, evaluation, or diagnosis of the client.

22 Tex. Admin. Code § 801.44(q).

The Therapist Defendants respond by arguing that, by its own terms, Rule 801.44(q) does *not* require that all services be based on a diagnosis, or that a marriage and family therapist diagnose every patient. Instead, according to the Therapist Defendants, Rule 801.44(q) merely presupposes that a diagnosis by marriage and family therapists is appropriate in some circumstances. The Therapist Defendants reason that as long as the Licensed Marriage and Family Therapists Act

_____

acknowledge that there is no substantive difference between the authority to conduct a "diagnostic assessment" and the authority to "diagnose." *See Webster's Third New Int'l Dictionary* 131 & 622 (2002) ("diagnostic" means "adopted to or used for the furthering of diagnosis: employing or marked by the methods of diagnosis" and "assessment" means "an appraisal or evaluation (as of merit)"). In addition, neither party disputes, and we agree, that the qualifying phrase "utilizing the DSM" refers to the ability to diagnose, at least to some degree, mental diseases and disorders. *See United States v. Weis*, 891 F. Supp. 2d 1007, 1010 (N.D. Ill. 2012) (explaining that the DSM provides "a standard, comprehensive diagnostic tool for evaluating mental disorders, and reflects a consensus opinion of the medical community at the time of publication").

12

"gives marriage and family therapists some authority to diagnose, no matter how broad or narrow, [Rule 801.44(q)] is consistent with the statute and should stand." For the following reasons, we conclude that Rule 801.44(q) is valid.

First, we note that Rule 801.44(q), on its face, does not expressly require a marriage and family therapist to diagnose a client—only that the therapist's services be *based on* an assessment, evaluation *or* diagnosis of the client, presumably by some health care professional legally qualified to provide one. *Id*. (emphases added). Therefore, while Rule 801.44(q) contemplates that a diagnosis may be made, the rule does not specify that the diagnosis must be made, or even can be made, by a marriage and family therapist. Second, because we have already determined that the statutory scope of practice for licensed marriage and family therapists under Section 502.002(6) does *not* include the authority to diagnose mental diseases and disorders, we cannot reasonably construe Rule 801.44(q) as allowing for such a practice. *See TGS-NOPEC Geophysical*, 340 S.W.3d at 438 ("If there is vagueness, ambiguity, or room for policy determination in a statute or regulation, . . . we normally defer to the agency's interpretation unless it is plainly erroneous or inconsistent with the language of the statute, regulation, or rule."). Because the plain language of Rule 801.44(q), standing alone, does not authorize marriage and family therapists to engage in diagnoses of any type, we conclude that Rule 801.44(q) does not exceed the statutory scope of practice for marriage and family therapists.

Accordingly, the trial court did not err in granting summary judgment in favor of the Therapist Defendants on this claim.[4] We overrule the TMA's first and second issues on appeal.

---

[4] In its third issue on appeal, the TMA asks, in the alternative, that this Court conclude that Section 502.002(6) is unconstitutional to the extent it permits marriage and family therapists to engage in the practice of medicine. *See* Tex. Const. art. XVI, § 31 ("The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for

13

**CONCLUSION**

Having concluded that the trial court did not err in granting the TMA's motion for summary judgment in part and in granting the Therapist Defendants' motion for summary judgment in part, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field
  Concurring and Dissenting Opinion by Chief Justice Jones

Affirmed

Filed:   November 21, 2014

---

mal-practice, but no preference shall ever be given by law to any schools of medicine."). In response, the Therapist Defendants contend that the TMA failed to preserve this challenge because it was not raised by TMA as a ground for summary judgment. *See* Tex. R. Civ. P. 166a (issues not presented to trial court shall not be considered on appeal as grounds for reversal of summary judgment). Because we have concluded that Section 502.002(6) does not permit marriage and family therapists to engage in the practice of medicine, we do not decide this issue. *See* Tex. R. App. P. 47.1.

14