**Opinion issued July 28, 2016**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-15-00052-CV

_____

**HARRIS COUNTY, TEXAS, Appellant**

**V.**

**GERALD KNAPP AND NARCISO AURIOLES, Appellees**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-20003**

---

## O P I N I O N

This appeal determines the division of settlement proceeds and attorney's fees when those proceeds are subrogated to a worker's compensation lien. Gerald Knapp, a Harris County employee, was struck by a car and injured while operating a riding mower in the course and scope of his employment. The County, a self-insured entity

under the Texas worker's compensation law, paid $19,506.24 in workers' compensation benefits on Knapp's behalf.

Harris County asserted its subrogation rights arising from its payment of those benefits against Knapp's third-party settlement with the car's driver, Narciso Aurioles, who was found at fault in the accident. Knapp's attorney and the County reached an impasse about the proper allocation of the expected settlement proceeds under Chapter 417 of the Texas Labor Code, including the attorney's fees that Knapp owed to his attorney from his portion of the settlement and the fee that Harris County owed to Knapp's attorney for representing the County's subrogated interest. *See* TEX. LABOR CODE ANN. § 417.003 (West 2015). To resolve the impasse, Knapp sought declaratory relief against the County in the negligence suit against Aurioles.

The County filed a jurisdictional plea. It claimed governmental immunity against any declaration that it owed attorney's fees and costs of court in connection with its subrogated interest. *See id*. The County further challenged Knapp's proffered construction of Chapter 417 as to how costs and attorney's fees should be allocated between Knapp and it as the lienholder. The trial court denied the County's plea to the jurisdiction, allocated the settlement proceeds in the manner that Knapp's attorney proposed, and awarded fees and expenses to Knapp's attorney under section 417.003 for his representation of the County's subrogated interest.

On appeal, the County contends that the trial court erred in (1) denying its plea to the jurisdiction; (2) deducting Knapp's contingent attorney's fees for representing Knapp in the third party action from its subrogation interest in the settlement proceeds; (3) awarding Knapp's request for attorney's fees under section 417.003 and deducting them from the subrogated amount; and (4) failing to submit the attorney's fee issue to a jury. We hold that (1) the trial court properly denied the County's jurisdictional plea; (2) the attorney's contingent fee recovery for representation of his client is allocated against the client's settlement amount that remains after deducting the lien amount; (3) the attorney's fee for representing a subrogated worker's compensation interest is paid separately by the carrier and thus is deducted from the lien proceeds owed to the County; and (5) any error in denying the County's request for a jury trial was harmless, because the County did not contest the reasonableness of the attorney's fee. Accordingly, we affirm in part, reverse in part, and remand for calculation of each party's settlement amounts in accord with this opinion.

## BACKGROUND

After paying Knapp workers' compensation benefits, the County held a subrogation interest against any third-party settlement between Knapp and Aurioles. Aurioles held an insurance policy that covered the accident with a liability limit of $25,000. While Aurioles's insurer and Knapp's counsel engaged in settlement

discussions, Knapp's counsel also negotiated with the County in an effort to reach an agreement about the proper apportionment of any settlement proceeds between the County and Knapp pursuant to Chapter 417 of the Texas Labor Code.[1] Negotiations between Knapp's attorney and the County reached an impasse. The County sued Aurioles in county court on its subrogation claim but did not prosecute that suit.

Meanwhile, Knapp sued Aurioles and the County in the district court, bringing a negligence claim against Aurioles and asserting a claim against the County under the Declaratory Judgment Act concerning the proper application of Chapter 417. In the suit, Knapp sought reasonable attorney's fees for the recovery of the County's subrogation interest and the County's payment of a proportionate share of expenses under the Labor Code. Knapp alleged that "the filing of this lawsuit has become necessary due to [the County's] unjustified refusal to acknowledge the offset for attorney's fees and a proportionate share of expenses incurred by Plaintiff as mandated by section 417.003 of the Texas Workers' Compensation Act."

---

[1] The Labor Code contains provisions that make Chapter 417 applicable to governmental entitles like the County. *See* TEX. LABOR CODE ANN. § 401.011(27)(D) (explaining that definition of "insurance carrier" includes "a governmental entity that self-insures, either individually or collectively"); *see also id.* at § 504.002(a)(9) (declaring that Chapter 417's provisions apply to workers' compensation coverage chapter for employees of political subdivisions "except to the extent that [those provisions] are inconsistent with Chapter 504); *Univ. of Tex. Health Sci. Ctr. v. Mata & Bordini, Inc.*, 2 S.W.3d 312, 317 (Tex. App.—San Antonio 1999, pet. denied) (explaining that Chapter 417 applies to University of Texas system employees through similar provision in Chapter 503).

Knapp's contingent fee contract with his attorney provides that his attorney is entitled to 36% of any recovery obtained for Knapp after the filing of a lawsuit, but before commencement of trial, less costs and expenses.

Aurioles's insurer and Knapp ultimately reached a $23,250.00 settlement of Knapp's claims. Using the total amount of the settlement, Knapp's attorney calculated that he was entitled to $8,823.00 in attorney's fees and costs, leaving $14,247.00 to satisfy the carrier's subrogation interest. Knapp moved for partial summary judgment on those calculations. Harris County cross-moved for summary judgment and filed a plea to the jurisdiction, asserting that governmental immunity barred Knapp's declaratory judgment action and that Knapp's calculation under the statute of the fees—which reduced the lien by attorney's fees owed both by Knapp and the County—was incorrect.

The trial court denied Harris County's motion for summary judgment and plea to the jurisdiction, and it granted Knapp's summary-judgment motion. It calculated the contingent fee amount on the recovery before it deducted the lien, and declared that $14,427.00 was the "net amount" available to satisfy the carrier's subrogation interest, and therefore "the insurance carrier's recovery" in the case.

Knapp's attorney then moved for attorney's fees and costs under section 417.003, which provides that "an insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney

5

representing the claimant." TEX. LABOR CODE ANN. § 417.003(a) (West 2015). The trial court held a non-jury trial to determine the amount of fees to award to Knapp.

Knapp's attorney provided testimony concerning his experience and his work toward securing the third-party settlement for Knapp. He explained that the County did not participate in any of the settlement negotiations with the third party's insurer, did not obtain any admissible records to prove up Knapp's injuries, and did not make any settlement request. The work Knapp's attorney put into the case culminated in a settlement of more than twice the insurer's original offer.

Counsel also testified to the amount of time he spent working on Knapp's case and a reasonable hourly fee for his time. The County objected to the trial court's refusal to have a jury make findings concerning the reasonable amount of attorney's fees, but it did not cross-examine or otherwise adduce evidence to controvert Knapp's counsel's testimony about the reasonableness of his fees.

Thus, in its final judgment, the trial court found that: (1) Knapp was entitled to a one-third award of attorney's fees on the net amount left for satisfaction of the lien, amounting to $4,809.00 and a one-third contingent fee recovery on the gross amount of the settlement; and (2) Harris County's "proportionate share of expenses" amounted to $286.86. This calculation left the County with $9,337.14 toward the $19,506.27 subrogation lien. The balance of the settlement—$13,912.86—went to

cover Knapp's attorney's contingent fee and costs and to satisfy the statutory award of attorney's fees and expenses, leaving Knapp with no recovery.

**DISCUSSION**

The County contends that the trial court's calculations are wrong, and even if they were right, the County is immune from any claim for attorney's fees. We first examine whether the trial court had subject-matter jurisdiction to declare an allocation of the settlement that deducted attorney's fees from the County's recovery of its subrogation lien. Concluding that it did, we then review the County's challenges to the trial court's calculations.

## I. Jurisdictional Plea

### A. Standard of Review and Applicable Law

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *City of Houston v. S. Elec. Servs., Inc.*, 273 S.W.3d 739, 744 (Tex. App.— Houston [1st Dist.] 2008, pet. denied). The question of whether a court has subject-matter jurisdiction is a matter of law; accordingly, we review de novo the trial court's ruling on a plea to the jurisdiction based on sovereign immunity. *Hoff v. Nueces Cty.*, 153 S.W.3d 45, 48 (Tex. 2004); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Tex. Ass'n*

*of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider pertinent evidence in the record when necessary to resolve the jurisdictional issues raised. *Miranda*, 133 S.W.3d at 227. We take the allegations in the petition as true and construe them in favor of the pleader. *See id.* at 228. If the evidence raises a fact issue concerning the existence of jurisdiction, then the plea must be denied. *Id.* at 227–28. If, on the other hand, the evidence is undisputed or fails to raise a fact issue, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

If a plaintiff fails to plead sufficient facts affirmatively demonstrating the trial court's jurisdiction, but the pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27; *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Tara Partners, Ltd. v. City of S. Houston*, 282 S.W.3d 564, 570 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). If the pleadings affirmatively negate the existence of jurisdiction, however, the trial court may grant a plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227; *Brown*, 80 S.W.3d at 555.

Absent waiver, political subdivisions of the state, including counties, are entitled to immunity from lawsuits for money damages. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The immunity doctrine includes

8

two distinct principles: immunity from suit and immunity from liability.  *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011); *Miranda*, 133 S.W.3d at 224. Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject-matter jurisdiction.  *Id.*

Immunity from suit bars a suit against the State unless the Legislature expressly consents to the suit.  *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002).  If the Legislature has not expressly waived immunity from suit, the State retains immunity even if its liability is not disputed.  *Id.* Immunity from liability protects the State from money judgments even if the Legislature has expressly given consent to sue.  *Id.*

**B. Analysis**

Knapp sought declaratory relief because he and the County could not agree on the proper division of the settlement proceeds between Knapp, his attorney, and the County.   The County contends that it was entitled to the entire amount of its subrogation lien, with no reduction for any attorney's fees, and it is moreover immune from any suit against it that seeks to impose those fees.  It maintains that Knapp's suit for declaratory relief is one for one for money damages against the County's coffers, and relies on general principles of governmental immunity to seek dismissal of that claim.

The County's characterization of the allocation of fees for the recovery of its lien as money damages does not comport with the Texas Labor Code provisions that govern such a recovery. The County undisputedly has a statutory right to receive some portion of the settlement proceeds in satisfaction of its subrogation lien for the worker's compensation benefits that it has paid, but the statutory scheme further provides that an attorney who prosecutes a claim against a third party that results in that recovery is entitled to a reasonable fee. *See* TEX. LABOR CODE ANN. § 417.003(b), (c) (providing for attorney's fees for obtaining lien recovery, but that total attorney's fee award "may not exceed one-third of the insurance carrier's recovery").

Under this statutory framework, the County is entitled to reimbursement only from the "net amount recovered by a claimant," after deduction of a "reasonable fee for recovery of the insurance carrier's interest" and "a proportionate share of the expenses" if requested under section 417.003, as they were here. *See* TEX. LABOR CODE ANN. §§ 417.002(a), 417.003. Under the governing law, the nature of Knapp's lawsuit for an allocation of the settlement proceeds is similar to an interpleader action in that he and the County have competing claims to a fund. *See, e.g., Cas. Reciprocal Exch. v. Demock*, 130 S.W.3d 74, 75 (Tex. App.—El Paso 2002, no pet.) (addressing workers' compensation carrier's subrogation right in interpleader action). The parties' competing claims to the proceeds and competing constructions

10

of the statute present a legal question regarding the application of the County's reimbursement right from that fund, not an independent claim for attorney's fees against the County.

Accordingly, we reject the County's contention that the allocation issues in this case represent an independent claim for money damages. "[A] governmental entity does not have immunity from suit from claims germane to, connected with, and properly defensive to the governmental entity's own claims to the extent the other party's claims act as an offset against the governmental entity's recovery." *City of Angleton v. USFilter Operating Servs*., Inc., 201 S.W.3d 677, 678 (Tex. 2006) (citing *Reata*, 197 S.W.3d at 376–77). Knapp's suit seeks a determination of the "net amount" of recovery and of his right to an offset from that recovery in the form of attorney's fees and expenses and, ultimately, the remainder available to satisfy the County's subrogation rights. Because the suit determines the County's share of the recovery based on its affirmative claim for subrogation, this suit never threatened to reach into the County's coffers, and thus is not properly characterized as one for money damages. We hold that the doctrine of governmental immunity does not bar Knapp's declaratory judgment claim. The trial court therefore properly denied the County's jurisdictional plea.

## II. Attorney's Fees

The County next challenges the amount of fees awarded to Knapp's attorney and the resulting reduction in settlement proceeds that were available to satisfy its lien. First, the County contends that that the trial court erroneously allowed Knapp's attorney a double fee recovery by allowing him to use the gross settlement amount as the basis for calculating the amount owed under his contingent fee agreement with Knapp, and then awarding additional fees for his legal work in furtherance of the County's interest pursuant to section 417.003(a). The County also complains that the trial court erred in awarding fees under section 417.003(a) instead of section 417.003(c) because it claims that the County attorney participated in the prosecution of the lien by filing a separate subrogation suit. Finally, it argues that the fee award is unreasonable.

### A. Net Recovery

#### 1. Standard of review

The trial court granted Knapp's motion for partial summary judgment on his claim for declaratory relief as to the allocation of Knapp's attorney's contingent fee on the entire settlement proceeds, including the County's lien. Declaratory judgments rendered by summary judgment are reviewed under the same standards that govern summary judgments generally. *See Hourani v. Katzen*, 305 S.W.3d 239, 248 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). We review de novo the

trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein &*
*Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Here, the parties
do not dispute the underlying facts—e.g., the settlement amount, the lien amount,
and the contingent fee agreement—but the application of the law to those facts.

### 2. Applicable law

Chapter 417 of the Texas Labor Code entitles an employee to seek damages
from a third party for an injury that is also compensable as a workers' compensation
claim. TEX. LABOR CODE ANN. § 417.001(a). It provides that, if the injured
employee claims a benefit through worker's compensation insurance, then "the
insurance carrier is subrogated to the rights of the injured employee and may enforce
the liability of the third party in the name of the injured employee . . . ." *Id.*
§ 417.001(b).

Satisfaction of the carrier's subrogation rights begins with the determination
of the "net amount" recovered in a third-party action, which "shall be used to
reimburse the insurance carrier for benefits, including medical benefits, that have
been paid for the compensable injury." *Id.* § 417.002(a). Chapter 417 does not
define "net amount." Section 417.001 provides, however, that the insurance carrier
"is subrogated to the rights of the injured employee and may enforce the liability of
the third party in the name of the injured employee," "limited to the amount of the
total benefits paid or assumed by the carrier to the employee," less any percentage

of responsibility attributed to the employer, as determined by the factfinder. *Id.* § 417.001(b). The Supreme Court of Texas has determined that, under this statutory subrogation provision, the "first money" paid to or recovered by an employee in a third-party settlement belongs to the workers' compensation insurance carrier," and that the employee has no claim to any of those funds until the carrier has received full reimbursement. *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex. 2002) (quoting *Fort Worth Lloyds v. Haygood*, 246 S.W.2d 865, 869 (Tex. 1952)). In another worker's compensation dispute concerning the apportionment of a third-party settlement, the Court explained:

> The law governing this settlement is simple: the compensation carrier gets the first money a worker receives from a tortfeasor. First-money reimbursement is crucial to the workers' compensation system because it reduces costs for carriers (and thus employers, and thus the public) and prevents double recovery by workers.

*Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 35 (Tex. 2008).

### 3. Analysis

Following this principle, Knapp's attorney is entitled to recover fees pursuant to his contingent fee contract with Knapp—but he incorrectly calculated the fee by applying the percentage to the gross settlement amount instead of the amount recovered for Knapp less the County's subrogation interest. Knapp had no claim to the first-money settlement funds; he could claim only the amount in excess of the County's interest. *See Argonaut Ins.*, 87 S.W.3d at 530. As a result, the gross

14

settlement cannot serve as the basis for his attorney's contingent-fee calculation. *See* RESTATEMENT (THIRD) OF LAW GOVERNING LAWYERS §35(2) (AM. LAW INST. 2002) (A contingent fee lawyer "is entitled to receive the specified fee only when and *to the extent the client receives payment*."), *quoted in Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92, 94 (Tex. 2001) (adding emphasis); *see also Hoover Slovacek LLP v. Watson*, 206 S.W.3d 557, 563 (Tex. 2006) (quoting *Levine*).

A proper application of section 417.002 to the facts in this case is as follows:

1. **Identify funds "belonging to" Knapp**:

    $23,250.00          (gross settlement amount)
    –$19,506.27         (amount of County's subrogation lien)
    =========
    $3,743.73          (net amount remaining after satisfying lien,
                        basis for calculating contingent fee)

2. **Calculate Knapp's attorney's fees and costs**:

    $3,743.73   (net remaining after satisfying lien)
    x       .36   (multiplier for contingent fee)
    =======
    $1,347.74   (attorney's fees incurred by Knapp)
    +    453.00   (costs)
    =======
    $1,800.74   (total fees and costs due under fee contract)

3. **Calculate insurance carrier's recovery**:

    $23,250.00   (gross settlement amount)
    –   $ 1,800.74   (Knapp's attorney's fees and costs)
    =======
    $21,449.26   ("net amount" under section 417.002(a))
    –   $19,506.27   (carrier's recovery – satisfies lien)
    =========

$1,942.99   (Knapp's net recovery before apportionment of expenses under section 417.003(a)(2); apportioning expenses will result in a higher net recovery for Knapp)

A reasonable attorney's fee, not to exceed one-third of the carrier's recovery, is then deducted from the County's recovery of $19,506.27, together with its pro rata share of the expenses.

The calculations that Knapp presented and obtained in the trial court do not properly apply the statute. Knapp's attorney incorrectly allocated his contingent fee against the lien amount; in effect, the County was ordered to pay Knapp's attorney's contingent fee on its lien as well as the statutory attorney's fee for the prosecution of the lien. Not only did this calculation afford two attorney's fee recoveries on the same settlement proceeds, it also in this case resulted in Knapp himself receiving nothing from the settlement as it was allocated in the judgment, even though the amount of the settlement exceeded the lien and costs of court. We hold that the trial court erred in granting summary judgment on Knapp's attorney's fee claim because it was improperly based on applying the percentage contingent fee against the entire settlement proceeds, rather than on the proceeds less the lien amount, to determine Knapp's net recovery.

Knapp relies on an earlier case from our court to contend that his contingent fee for representing Knapp should cover the gross amount, including the lien. *Ins. Co. of N. Am. v. Wright*, 886 S.W.2d 337, 344 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (citing with approval *Bridges v. Tex. A&M Univ. Sys.*, 790 S.W.2d 831, 833 (Tex. App.—Houston [14th Dist.] 1990, no writ)). In *Wright,* we held that the "net amount" subject to subrogation "is the amount received by the claimant after *appropriate* deductions for attorney's fees and costs have been taken." *See id.* There, our court was presented with multiple claimants to a settlement amount, only one of whom had a worker's compensation lien against her recovery. *Id.* We held that the trial court "erred in deducting all the litigation expenses for the entire $600,000 recovery from [the claimant's] portion of the settlement." *Id.* We further rejected the trial court's settlement allocation because "the effect of the apportionment was to circumvent the statute and to compromise [the worker's compensation carrier's] right to subrogation—a right that cannot be compromised." *Id.*

Because our court in *Wright* reversed the allocation of the settlement proceeds both on the gross amount of the settlement and the expenses, we did not define what constitutes an "appropriate" deduction for attorney's fees to determine a net recovery for payment of a lien. Following *Ledbetter*, we hold that a contingent fee for pursuit of a third-party recovery for the claimant is allocated against the claimant's portion

17

of the settlement—that is, the settlement less the lien amount, and not to the carrier's portion, for which statutory attorney's fees are available.

**B. Award of fees and expenses under section 417.003**

The County next complains that the trial court erred in applying section 417.003(a) instead of section 417.003(c) as the basis for the statutory fee award, arguing that its counsel actively participated in pursuing its lien by bringing a county court subrogation suit against Aurioles. Section 417.003 addresses compensation for legal work performed by the claimant's attorney and, when participating, the carrier's attorney, in recovering insurance carrier's interest in a third-party action. *See id.* § 417.003(a) (providing that, in absence of fee agreement between insurance carrier and claimant's attorney, "the court shall award to the attorney payable out of the insurance carrier's recovery" a "reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and a proportionate share of the expenses"); *see also id.* § 417.003(c) (providing, if both attorney representing claimant and attorney representing insurance carrier participate in obtaining recovery, for award and apportionment between them of fee payable out of insurance carrier's subrogation recovery, considering "the benefit accruing to the insurance carrier as a result of each attorney's service").

The County, however, did not participate in the third-party action that culminated in the settlement; it filed the county court suit in response to its impasse

18

with Knapp about the allocation of the proceeds from that settlement. The County did not controvert Knapp's evidence about the County's lack of participation in the settlement, and it admitted to the trial court that it had not participated in the settlement negotiations that led to the recovery. Under these circumstances, the trial court did not err in applying section 417.003(a). Nevertheless, because of the error in determining the amount of the County's reimbursement under section 417.002, we reverse the statutory award of fees and expenses and remand the issue for the trial court to reconsider attorney's fees in light of the County's larger recovery.

## III. Jury Trial On Attorney's Fees

The County timely demanded a jury trial and timely objected to the trial court's decision to proceed with a non-jury trial on the attorney's fees and expenses requested under section 417.003. On appeal, the County contends that the trial court's refusal to hold a jury trial on the reasonableness of the attorney's fees sought constitutes harmful error and requires reversal.

The County does not cite any cases in which courts have interpreted section 417.003 to require a jury trial, and we find none. The statute assigns the duty to "award" and "apportion" the fees from the insurance carrier's recovery and "shall consider the benefit accruing to the insurance carrier," suggesting that the court should serve as the fact finder. *See Tex. Workers' Compensation Ins. Fund v. Alcorta*, 989 S.W.2d 849, 851 (Tex. App.—San Antonio 1999, no pet.); *see also*

19

*Hartford Accid. & Indem. Co. v. Buckland*, 882 S.W.2d 440, 446 (Tex. App.—Dallas 1994, writ denied) (explaining that allocation under section 417.003 "rests in the sound discretion of the trial court" where trial court determined allocation of attorney's fees under section 417.003 by having parties submit affidavits).

We need not decide this issue, however, because the County did not contest the evidence or attempt to controvert Knapp's attorney's testimony as to the reasonableness of his fee. The County's only objections to the proposed award were that the "net amount" calculation used by the court was incorrect and that the County's attorney had actively participated in the suit. Neither of these issues challenge the evidence concerning the reasonableness of the fee amount requested. We therefore hold that the trial court's refusal to seat a jury on the attorney's fees issue does not amount to reversible error.

## Conclusion

We hold that the trial court properly denied the County's plea to the jurisdiction and request for jury trial, but erred in calculating the amount of attorney's fees for purposes of allocating the settlement proceeds between the claimant and the lienholder, an error that was compounded in later calculations for the apportionment of the third-party settlement and in determining an appropriate award of attorney's fees and expenses pursuant to section 417.003. We therefore affirm the denials of the County's jurisdictional challenge and request for jury trial,

but reverse the awards of attorney's fees and expenses. We remand the case for an allocation of the settlement consistent with this opinion.


                                                   Jane Bland
                                                   Justice

Panel consists of Justices Bland, Brown, and Lloyd.