**Opinion issued April 9, 2019**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-18-00408-CV

—————————————

**METROPOLITAN TRANSIT AUTHORITY OF
HARRIS COUNTY, TEXAS, Appellant**

**V.**

**ADAN GARZA, Appellee**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2017-23090**

---

**MEMORANDUM OPINION**

In this interlocutory appeal,[1] appellant, Metropolitan Transit Authority of Harris County, Texas ("Metro"), appeals from the trial court's order denying its plea to the jurisdiction on the negligence claim of appellee, Adan Garza. In its sole issue, Metro contends that the trial court erred by denying its plea to the jurisdiction because Garza did not give timely notice of his personal injury claim, as required under the Texas Tort Claims Act ("TTCA").[2]

We affirm.

**Background**

Garza alleged that, on November 3, 2015, while he was driving his car northbound on the service road of the Gulf Freeway, Leo Orville was driving a Metro bus eastbound on South Lockwood Street. At the intersection of the 4500 block of the Gulf Freeway service road and Lockwood, Orville did not stop at a red signal light governing traffic in his direction and entered the intersection at the same time as Garza, causing Garza to swerve and collide with a traffic control box. Garza sued Metro for negligence, alleging that its employee, Orville, had failed to maintain a proper lookout and had failed to control his speed, to obey the traffic light, and to properly and timely apply his brakes. Garza asserted that his collision with the traffic

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(8) (authorizing appeal from interlocutory order granting or denying governmental unit's plea to jurisdiction).

[2] *See id.* §§ 101.001–.109.

2

control box caused him to sustain serious personal injuries.  He sought damages for past and future medical expenses, physical pain, mental anguish, and impairment.

Metro filed a plea to the jurisdiction and motion to dismiss Garza's suit, asserting that the trial court lacked jurisdiction over Garza's claims because he failed to give notice of his personal injury claim within six months of the occurrence, as required by the TTCA.  Thus, Metro asserted, its governmental immunity was not waived, and the trial court should dismiss Garza's suit.

Metro first asserted that Garza did not give notice of his claim until ten months after the collision, on September 29, 2016, when Garza's counsel sent a letter to Metro.  Metro further argued that the letter was insufficient to constitute formal notice under the TTCA because it was "silent as to the location of the incident, the time of day of the incident, bus route number, the nature of any injuries sustained, or any facts of how the alleged incident occurred."  Metro also asserted that the letter "did not constitute actual notice, as it provided insufficient information for Metro to assess its probable fault in causing [Garza's] alleged injuries."  Further, Metro asserted that the police report and the reports of its safety supervisor and bus driver "ma[d]e no mention of any alleged injuries at the scene."  Metro attached to its plea the September 29, 2016 letter, a copy of the police report, Metro "Supervisor's Report of Accident," and Metro's "Accident/Incident Report."

The September 29, 2016 letter states:

3

Please be advised that we represent Adan Garza for personal injuries and property damage sustained on [November 3, 2015]. . . .

Our investigation reveals that your insured is legally responsible for this collision. If you have accepted liability, please send written confirmation of same. If you are disputing liability, please send us the basis of your denial in writing, including names, addresses and telephone numbers of any potential witnesses.

Additionally, we request copies of any statement taken of our client, relevant photographs, accident reports and any line item appraisals of the property damage to each vehicle involved in this accident. Please contact my case manager, Veronica Mosqueda . . . .

The police report states that the "signal lights were stuck green on the service road and red on S. Lockwood." The Metro bus, driven by Orville, "ran [the] red light, causing [Garza] to take evasive action." And, Garza drove over a curb and collided with a traffic signal box. A witness stated that she was driving in the lane beside the bus; that the light ahead of the bus was red; and that Garza had a green light. The police report notes "Injury Severity" as "N."

The Supervisor's Report reflects that the supervisor attended the scene on the day of the collision. The supervisor, in his report, noted the date, time, and location of the incident; identified the bus number, bus driver's name, and Garza's name, address, and phone number; and described how the incident occurred. The report notes that Garza's car suffered "major" damage and the "Name of Injured" as "N/A."

In his response to Metro's plea, Garza asserted that he gave Metro timely notice of his claims. On November 30, 2015, his counsel sent an email to Rolando

4

Tolentino in the "Claims Department" at Metro,[3] with an attached letter of representation, also dated November 30, 2015, and a copy of the police report. The letter states that Garza had sustained personal injuries and property damage in the collision and that he was asserting a claim against Metro, as follows:

> RE: My Client:      Adan Garza
> Date of Loss:    11/03/2015
> Your Insured:    Leo Orville – Bus: 1568
>
> . . . .
>
> Please be advised that we represent Adan Garza for personal injuries and property damage sustained on [November 3, 2015]. . . .
>
> Our investigation reveals that your insured is legally responsible for this collision. If you have accepted liability, please send written confirmation of same. If you are disputing liability, please send us the basis of your denial in writing, including names, addresses and telephone numbers of any potential witnesses.
>
> Additionally, we request copies of any statement taken of our client, relevant photographs, accident reports and any line item appraisals of the property damage to each vehicle involved in this accident. Please contact my case manager, Veronica Mosqueda . . . .

Garza asserted that, although Tolentino later stated that he could not find the above letter, Tolentino, as Metro's agent, acknowledged having received it, waived any untimeliness, and accepted the claim. Garza presented an email from Tolentino, dated November 3, 2016, in which he stated:

> I pulled the file and did not find your letter of representation. I checked our e-file and did not find the e-mail of November 30, 2015. At some point your office must have communicated with me because I did make a note the customer was legally represented. Because of this, I am

---

[3]      In its brief, Metro identifies Tolentino as a "senior Metro claims adjuster."

instructing the adjuster to accept the claim, assuming you maintain a reasonable value for settlement purposes.

Garza further argued that Metro had actual notice of his claim because the facts show, based on the police report, that Metro was the sole instrumentality of the injury or harm that occurred and that Metro was aware of its fault.

The trial court denied Metro's plea to the jurisdiction and Metro appeals.

**Plea to the Jurisdiction**

In its sole issue, Metro argues that the trial court erred in denying its plea to the jurisdiction because it conclusively established its immunity from Garza's suit. Metro asserts that Garza presented "no evidence" raising a fact issue.

***Standard of Review***

We review de novo a trial court's ruling on a jurisdictional plea. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323 (Tex. 2006); *City of Hous. v. Nicolai*, 539 S.W.3d 378, 385 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). A plea to the jurisdiction may be utilized to challenge whether the plaintiff has met its burden of alleging jurisdictional facts or to challenge the existence of jurisdictional facts. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

6

Review of a plea challenging the existence of jurisdictional facts, as here, mirrors that of a traditional summary-judgment motion. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012); *City of Hous. v. Guthrie*, 332 S.W.3d 578, 587 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("By requiring the [political subdivision] to meet the summary judgment standard of proof . . . , we protect the plaintiffs from having to put on their case simply to establish jurisdiction." (internal quotations omitted)); *see also* TEX. R. CIV. P. 166a(c). "[A] court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). A court may consider evidence as necessary to resolve a dispute over the jurisdictional facts even if the evidence "implicates both the subject matter jurisdiction of the court and the merits of the case." *Miranda*, 133 S.W.3d at 226. We take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. at 228. If the defendant meets its burden to establish that the trial court lacks jurisdiction, the plaintiff is then required to show that there is a material fact question regarding the jurisdictional issue. *Id*. at 227–28. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a fact finder must resolve the issue. *Id*. On the other hand, if the evidence is

undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id*. at 228.

### *Governmental Immunity*

Absent waiver, political subdivisions of the state are entitled to immunity from lawsuits for money damages. *See Reata Constr. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006); *Harris Cty., Tex. v. Knapp*, 496 S.W.3d 871, 878 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). The immunity doctrine includes two distinct principles: immunity from liability and immunity from suit. *City of Dall. v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011); *Miranda*, 133 S.W.3d at 224. Whereas immunity from liability is an affirmative defense, immunity from suit deprives a court of subject-matter jurisdiction. *Knapp*, 496 S.W.3d at 878.

A trial court may not assume subject-matter jurisdiction over a suit against a municipality unless the suit fits within a valid statutory or constitutional waiver of governmental immunity. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 631 (Tex. 2015). We interpret statutory waivers of governmental immunity narrowly, as the legislature's intent to waive immunity must be clear and unambiguous. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see also* TEX. GOV'T CODE § 311.034.

Here, Metro is a governmental unit generally immune from tort liability, except when that immunity has been specifically waived by the legislature. *See* TEX.

8

TRANSP. CODE § 451.052; *City of Hous. v. Todd*, 41 S.W.3d 289, 295 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see, e.g.*, *Metro. Transit Auth. of Harris Cty. v. Atkins*, No. 14-11-00494-CV, 2011 WL 6809041, at *1 (Tex. App.—Houston [14th Dist.] Dec. 22, 2011, no pet.) (mem. op.). The TTCA provides limited waivers of immunity from suits against governmental entities for negligent acts in certain circumstances, including property damage and personal injury arising from the operation or use of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE § 101.021. However, a plaintiff must comply with certain statutory notice requirements. "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034. Thus, failure to provide required notice deprives the trial court of jurisdiction and requires the court to dismiss the case. *City of Dall. v. Carbajal*, 324 S.W.3d 537, 537–38 (Tex. 2010).

The TTCA's notice provision allows governmental entities to investigate claims while the facts are fresh, to guard against unfounded claims, to settle claims, and to prepare for trial. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Univ. of Tex. Health Sci. Ctr. at Hous. v. McQueen*, 431 S.W.3d 750, 754 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Section 101.101(a) provides that a governmental unit is "entitled to receive notice of a claim against it . . . not later than six months after the day that the incident giving rise to the claim occurred." TEX.

9

CIV. PRAC. & REM. CODE § 101.101(a). Such formal notice, which must be in writing, must reasonably describe (1) the damage or injury claimed, (2) the time and place of the incident, and (3) the incident. *See id.*; *see also Cathey*, 900 S.W.2d at 340 (requiring written notice). Claimants must also comply with any proper time requirements for notice that a city has adopted by charter or ordinance. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 776 (Tex. 2018); *see* TEX. CIV. PRAC. & REM. CODE § 101.101(b) ("A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.").

The written notice requirements in subsections (a) and (b) do not apply if a governmental unit has actual notice. *City of San Antonio*, 543 S.W.3d at 776; *see also* TEX. CIV. PRAC. & REM. CODE § 101.101(c); *Cathey*, 900 S.W.2d at 341. However, knowledge that a death, injury, or property damage has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for TTCA purposes. *City of San Antonio*, 543 S.W.3d at 776. To have actual notice, a governmental unit must have the same knowledge it is entitled to receive under the written notice provisions of the TTCA. *Id.* Thus, the actual notice provision requires that a governmental unit has subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries. *Id.* A governmental unit has actual notice under the TTCA if it has subjective knowledge of (1) a death, injury, or property damage; (2) the governmental unit's fault that produced or

10

contributed to the death, injury, or property damage; and (3) the identity of the parties involved. *Id.*

**Discussion**

Metro argues that its governmental immunity has not been waived because it did not have formal notice of Garza's claim for personal injuries "within six months of the incident." *See* TEX. CIV. PRAC. & REM. CODE § 101.101(a). Metro further asserts that it did not have actual notice of Garza's claim for personal injuries. *See id.* § 101.101(c).

*Formal Notice*

With respect to formal notice, the record shows that the collision occurred on November 3, 2015. Thus, Garza was required to give Metro notice of his claim, in accordance with the statute, no later than May 3, 2016. *See id.* § 101.101(a). Again, such notice was required to describe (1) the damage or injury claimed, (2) the time and place of the incident, and (3) the incident. *See id.*

Metro presented, as its jurisdictional evidence, the letter from Garza's counsel dated September 29, 2016. Metro asserted that the letter, dated and received ten months after the collision, constituted "the first notice that [Garza] was making a claim for personal injuries." Thus, it asserted, the September 29, 2016 letter did not constitute timely formal notice under the TTCA. *See id.* Metro also argued that the letter was insufficient to constitute formal notice under the TTCA because it did not

11

include the location of the incident, the time of day of the incident, the bus route number, the nature of any injuries sustained, or any facts regarding how the incident occurred. *See id.*

Because Metro presented evidence demonstrating that the trial court lacked jurisdiction over Garza's claims, the burden shifted to Garza to present evidence demonstrating a material fact question on the jurisdictional issue. *See Miranda*, 133 S.W.3d at 227–28.

Garza's jurisdictional evidence reflects that, on November 30, 2015, his counsel sent an email to Metro's claims representative, Tolentino, to which Garza attached a letter, also dated November 30, 2015, and a copy of the police report. The letter states:

> RE:  My Client:  Adan Garza
>      Date of Loss:  11/03/2015
>      Your Insured:  Leo Orville – Bus: 1568
>
> . . . .
>
> Please be advised that we represent Adan Garza for personal injuries and property damage sustained on [November 3, 2015]. . . .
>
> Our investigation reveals that your insured is legally responsible for this collision. If you have accepted liability, please send written confirmation of same. If you are disputing liability, please send us the basis of your denial in writing, including names, addresses and telephone numbers of any potential witnesses.
>
> Additionally, we request copies of any statement taken of our client, relevant photographs, accident reports and any line item appraisals of the property damage to each vehicle involved in this accident. Please contact my case manager, Veronica Mosqueda . . . .

Thus, the letter, sent 27 days after the collision, asserts Metro's liability and states that Garza sustained "personal injuries and property damage." *See* TEX. CIV. PRAC. & REM. CODE § 101.101(a) (requiring notice reasonably describing damage or injury claimed provided within six months of incident).

Further, Garza's attached copy of the police report includes the date and time of the incident; the location; identifies the vehicles and drivers, including Garza's address; and gives a narrative and diagram of what occurred. Thus, the police report states the time and place of the collision and describes the incident. *See id.* (requiring notice reasonably describing incident, time, and place).

We conclude that Garza presented evidence that he timely sent formal notice, in accordance with the TTCA, to Metro. *See id.*

On appeal, Metro first asserts, with respect to timing, that Garza's counsel having sent the November 30, 2015 notice by email was insufficient to constitute notice. However, Metro provides no authority in support of its assertion. *See* TEX. R. APP. P. 38.1(i).

Metro also asserts that it did not actually receive Garza's November 30, 2015 notice. Section 101.101(a) provides that a governmental unit "is entitled *to receive* notice of a claim against it . . . not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE § 101.101(a)

13

(emphasis added). The record shows, however, that Garza also presented an email from Tolentino, dated November 3, 2016, in which he stated, in relevant part:

> I pulled the file and did not find your letter of representation. I checked our e-file and did not find the e-mail of November 30, 2015. At some point your office must have communicated with me because I did make a note the customer was legally represented. Because of this, I am instructing the adjuster to accept the claim, assuming you maintain a reasonable value for settlement purposes.

In reviewing the trial court's ruling on the plea, we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. Thus, Tolentino's email, in which he acknowledges having received Garza's notice and states that he is "instructing the adjuster to accept the claim, assuming [Garza] maintain[s] a reasonable value for settlement purposes," constitutes some evidence raising a fact question as to whether Metro timely received Garza's notice. *See id.* at 227–28 (holding plaintiff must present evidence raising material fact question regarding jurisdictional issue); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (stating that evidence raises fact question if reasonable and fair-minded jurors could differ in their conclusions in light of all evidence presented); *Dinh v. Harris Cty. Hosp. Dist.*, 896 S.W.2d 248, 253 (Tex. App.—Houston [1st Dist.] 1995, writ dismissed w.o.j.) (holding notice "may be imputed to the government by an agent or representative who has a duty to gather facts and investigate").

14

Metro next asserts that, even if timely received, Garza's November 30, 2015 letter and police report fail to meet the requisite substantive elements for formal notice. As discussed above, Garza's jurisdictional evidence meets the statutory requirements. *See* TEX. CIV. PRAC. & REM. CODE § 101.101(a).

Metro argues that Garza's evidence fails to meet the substantive requirements because it is "silent as to . . . the nature of any injuries allegedly sustained." In *City of Wichita Falls v. Jenkins*, the court held that a notice letter from the plaintiff's counsel to the city stating that the plaintiffs had sustained "personal injuries and other damages" constituted sufficient notice of the injuries, as required in section 101.101(a). 307 S.W.3d 854, 860 (Tex. App.—Fort Worth 2010, pet. denied). The city argued that mere notice that a person had sustained a personal injury was not enough and that a more detailed description of the nature and extent of the plaintiffs' injuries was required to put it on notice so that it could "properly triage and prioritize claims." *Id.* The court concluded that such is "not the purpose of the notice requirement," rather, "all that is required is enough information for the City to investigate for the purpose of guarding against unfounded claims, settle claims, and prepare for trial." And, the letter offered "enough information to allow the City to effect this purpose." *Id.* (citing *Richardson v. Allen*, No. 05–96–00018–CV, 1997 WL 242812, at *3 (Tex. App.—Dallas May 13, 1997, no pet.) (not designated for

15

publication) (holding that "there is no requirement that a claimant describe in full medical detail the nature and extent of her injury")).

Metro also asserts that Garza's evidence fails to meet the substantive requirements because the police report states that no injuries were observed or reported at the scene. The court in *Jenkins*, addressing the same argument, concluded that a police report from the scene, stating that "the occupants did not appear to be injured and drove away from the accident, although possibly relevant for trial purposes (subject to an evidentiary determination by the trial judge), did not negate the City's notice." *See id.* at 861. Generally, a police report from the scene merely constitutes "an initial response to the accident." *City of Dall.*, 324 S.W.3d at 537. Here, the letter from Garza's counsel to Metro affirmatively claims that Garza suffered personal injuries.

We conclude that Garza presented evidence sufficient to raise a material fact question on the jurisdictional issue. *See Miranda*, 133 S.W.3d at 227–28. Accordingly, we hold that the trial court did not err in denying Metro's plea to the jurisdiction. *See id.* (holding that if evidence raises fact issue regarding jurisdiction, plea cannot be granted and fact finder must resolve issue).

We overrule Metro's sole issue.

16

## Conclusion

We affirm the trial court's order.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.