**Affirmed and Opinion Filed May 13, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00464-CV**

**CORBY W. STEVENSON, Appellant**
**V.**
**TEXAS MUTUAL INSURANCE COMPANY, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 82551**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Corby W. Stevenson appeals the trial court's order denying his motion to apportion settlement proceeds and granting Texas Mutual Insurance Company's cross-motion for apportionment. In a single issue, Stevenson argues the trial court failed to properly apportion settlement proceeds pursuant to the Texas Labor Code. We reverse the trial court's order in part and remand for the trial court to calculate Texas Mutual's proportionate share of expenses.

### FACTUAL BACKGROUND

Stevenson suffered a workplace injury in June 2013, which was exacerbated by negligent medical treatment he received on December 23, 2013. Texas Mutual,

the workers' compensation carrier for Stevenson's employer, paid workers' compensation benefits to and on behalf of Stevenson for his injuries. In January 2015, Stevenson sued his health care providers for negligence.

On April 29, 2016, Texas Mutual sent a letter to Stevenson's counsel stating:

> Texas Mutual Insurance Company is the workers' compensation carrier for Corby Stevenson's 06/30/2013 accident. Our investigation reveals that your client may be pursuing a claim for damages against the liable third party or parties.
>
> Because of the accident, to date we have paid $253,665.95 in workers' compensation benefits to and on behalf of your client. This amount, which is our subrogation lien, may continue to increase. Chapter 417 of the Texas Labor Code gives us a statutory subrogation right to step in the shoes of your client to obtain reimbursement of the benefits we have paid. This letter is notice of our subrogation lien and intent to subrogate.
>
> In case of settlement or judgment, we have a legal right to receive reimbursement before your client receives any money.

On December 29, 2016, Texas Mutual sent another letter to Stevenson's counsel stating:

> To date, Texas Mutual Insurance Company (Texas Mutual) has paid $307,546.67 on behalf of Corby Stevenson. Attached is an itemized abstract detailing the medical and indemnity paid to date. **The total amount of the workers' compensation lien from June 30, 2013 through December 23, 2013 is $27,519.40.**
>
> Our lien is not final. Please contact me before settlement for an updated lien amount.

Texas Mutual sent similar letters to Stevenson's counsel on July 21, 2017, stating Texas Mutual had paid $318,092.46 on Stevenson's behalf to date and again on January 22, 2018 stating it had paid $318,551.33 to date. Each letter advised that the

total amount of the workers' compensation lien from June 30, 2013 through December 23, 2013 was $27,519.40.

Stevenson settled his medical negligence case on January 25, 2018, for $270,000.

On February 1, 2018, Texas Mutual sent another letter to Stevenson's counsel stating:

> In my previous correspondence with you, I indicated the total amount we had paid on the claim and also indicated the amounts paid prior to the cast being applied too tightly on December 23, 2013, which was the basis of the lawsuit you filed on behalf of Mr. Stevenson. My letters stated very clearly that the $27,519.40 was what we paid from the date of the original injury until December 23, 2013, which was the period before the cast was applied too tightly. As of today, the total paid is $318,551.33 less $27,519.40 = $291,031.93 which is the amount of our lien attributable to the medical malpractice.

Texas Mutual then filed its original petition in intervention to recover its "subrogation lien for medical and indemnity benefits of $318,551.33 paid to and on behalf of" Stevenson. In response, Stevenson filed a motion for apportionment and requested the trial court limit Texas Mutual's recovery to $27,519.40 before deductions for attorney's fees and expenses. Texas Mutual responded with its own motion for apportionment in which it proposed the apportionment of settlement funds could be proper pursuant to labor code section 417.003(a), which would reduce its recovery to pay attorney's fees and expenses to Stevenson's counsel.

Following a hearing, the trial court entered an order denying Stevenson's motion for apportionment and granting Texas Mutual's cross-motion for

apportionment. The trial court found: Texas Mutual's subrogation interest is $291,031.93; Texas Mutual is entitled to first-money recovery of its subrogation interest from Stevenson's medical malpractice settlement; Texas Mutual's subrogation interest exceeds the value of the medical malpractice settlement; Texas Mutual is entitled to recover $270,000 to satisfy its subrogation interest; and Stevenson's counsel is entitled to receive no more than one-third of Texas Mutual's subrogation recovery in attorney's fees. Therefore, the trial court found: "Pursuant to Texas Labor Code 417.003(c), Intervenor Texas Mutual Insurance Company's subrogation recovery out of the $270,000 settlement is: $270,000 less a maximum attorney fee of $90,000 = **$180,000**." The trial court ordered Stevenson's counsel to pay $180,000 from the settlement funds to Texas Mutual. This appeal followed.

## LAW & ANALYSIS

In a single issue on appeal, Stevenson argues the trial court failed to properly apportion the settlement proceeds and also requests that Texas Mutual's recovery be limited to no more than $27,519.40.

An employee may seek damages from a third party who is liable for an injury that is compensable under the labor code. *See* TEX. LAB. CODE ANN. § 417.001(a). When a benefit is claimed by an injured employee, the insurance carrier is subrogated to the rights of the injured employee. *See id.* § 417.001(b).

The Texas Supreme Court has repeatedly stated that an insurance carrier is entitled to recover all benefits paid to an injured worker out of the "first money" the

worker recovers from a liable third party. *See Exxon Mobile Corp. v. Ins. Co. of Am.*, 568 S.W.3d 650, 651 (Tex. 2019) (citing TEX. LAB. CODE ANN. §§ 417.001–.002). Considering sections 417.001 and 417.002 of the labor code, the supreme court recently reiterated that the insurance carrier has the right to "the first money a worker receives from a tortfeasor," and "the employee has no right to any sums recovered from a third party until the carrier is reimbursed in full." *Id.* at 655-56 (internal quotation marks and footnotes omitted); *see also Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 35 (Tex. 2008) ("carrier gets the first money a worker receives from a tortfeasor"); *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex. 2002) ("For decades, the law has been that, under the Workers' Compensation Act's subrogation provision, the first money paid [to] or recovered by the employee, or his representatives, belongs to the compensation carrier paying the compensation, and until it is paid in full, the employee, or his representatives, have no right to any funds."); *Harris County, Tex. v. Knapp*, 496 S.W.3d 871, 880 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

Applying the Texas Supreme Court's authority, Texas Mutual is entitled to the first money Stevenson recovered in the medical malpractice action, and until Texas Mutual is paid in full, Stevenson has no right to the settlement money. In this case, the settlement amount ($270,000.00) does not exceed the amount of Texas Mutual's subrogation interest as determined by the trial court ($291,031.93). Accordingly, as discussed below, Texas Mutual is entitled to the full amount of the

settlement minus payment of attorney's fees and expenses that Texas Mutual must pay to Stevenson's counsel pursuant to section 417.003(a).[1]

> Section 417.003(a) provides:
>
> An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:
>> (1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and
>> (2) a proportionate share of expenses.

TEX. LAB. CODE ANN. § 417.003(a). The parties agree that Texas Mutual's interest was not actively represented by an attorney in the medical malpractice action, and the record does not reflect that Texas Mutual and Stevenson's attorney agreed on a fee. Accordingly, Texas Mutual must pay a reasonable fee to Stevenson's attorney and a proportionate share of expenses. *See id.*

---

[1] Rather than apply section 417.003(a), the trial court erroneously applied section 417.003(c). Section 417.003(c) applies when "an attorney actively representing the insurance carrier's interest actively participates in obtaining a recovery." TEX. LAB. CODE. ANN. § 417.003(c). It is undisputed in this case that Texas Mutual did not participate in obtaining the medical malpractice settlement. Therefore, the trial court erred by applying subsection (c). *See Morales v. Michelin N. Am., Inc.*, 351 S.W.3d 120, 122–23 (Tex. App.—San Antonio 2011, no pet.) ("Because Texas Mutual was not actively represented in Morales's claims against the defendants he alleged were responsible for his injuries, section 417.003(a) is the applicable provision, and the trial court erred when it applied section 417.003(c) and failed to reduce Texas Mutual's first money payment by the amount of its proportionate share of expenses.").

Texas Mutual asserts the trial court could apply section 417.003(c) because Stevenson sought apportionment pursuant to that provision. However, the trial court denied Stevenson's motion and granted Texas Mutual's cross-motion for apportionment. Accordingly, the grounds on which Stevenson moved for apportionment are not at issue in this appeal; the grounds on which Texas Mutual moved are at issue, and Texas Mutual proposed a division pursuant to section 417.003(a). To the extent Texas Mutual argues the trial court could rely on Stevenson's representations that section 417.003(c) was the proper provision under which to determine recovery of attorney's fees and expenses, we consider this argument unavailing.

–6–

Stevenson's counsel was entitled to recover a reasonable fee not to exceed one-third of Texas Mutual's recovery. *See id.* § 417.003(a)(1). The trial court awarded Stevenson's counsel a fee equal to one-third of Texas Mutual's recovery ($90,000).[2] We conclude this fee award was not in error. However, subsection (a)(2) requires that Texas Mutual also must pay a proportionate share of expenses from its recovery. *See id.* § 417.003(a)(2). The trial court erred when it failed to order Texas Mutual to do so.

Stevenson also argues that Texas Mutual is estopped from seeking to recover more than $27,519.40 of the settlement proceeds. Stevenson asserts that Texas Mutual consistently represented the amount of its subrogation lien to be $27,519.40, and "the settlement that was reached with the healthcare providers was based on that amount. Only after the case was settled did [Texas Mutual] come back, demanding subrogation well in excess of even the amount of the settlement." We disagree.

Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000); *Jamison v. Allen*, 377 S.W.3d 819, 823 (Tex. App.—Dallas 2012, no pet.). The principle applies when a party knowingly acts or conducts himself in a particular manner and then takes a position inconsistent with that act or conduct. *Jamison*, 377 S.W.3d at 823.

---

[2] While reaching the correct result, the trial court incorrectly awarded the fees pursuant subsection (c) rather than pursuant to section 417.003(a)(1).

Texas Mutual's written correspondence to Stevenson's counsel consistently stated the total amount of the workers' compensation lien from June 30, 2013 through December 23, 2013 was $27,519.40. Texas Mutual's correspondence also consistently provided the total amount in workers' compensation benefits that Texas Mutual had paid to and on Stevenson's behalf; that amount was never less than $253,665.95, and each of the letters confirmed the lien was not final.

The undisputed facts show that the original workplace injury to Stevenson occurred on June 30, 2013, and the incidence of medical malpractice that exacerbated the injury occurred on December 23, 2013. Accordingly, Texas Mutual's representation that "the total amount of the workers' compensation lien from June 30, 2013 through December 23, 2013 is $27,519.40" only applied to the portion of the workers' compensation that Texas Mutual paid before the medical malpractice event exacerbated the injury. Texas Mutual's correspondence in no way indicated that $27,519.40 was the total amount of its subrogation interest. Rather, Texas Mutual consistently stated its subrogation interest exceeded $253,665.95 and was not final.

We conclude that, in seeking to recover the full amount of its subrogation interest, Texas Mutual did not assert a right inconsistent with a position previously taken and the trial court did not err by refusing to limit Texas Mutual's recovery to $27,519.40 as Stevenson requested.

CONCLUSION

The trial court's order denying Stevenson's motion for apportionment and granting Texas Mutual's cross motion for apportionment is reversed in part. We reverse the trial court's order insofar as it incorrectly relies on Texas Labor Code section 417.003(c). We remand this case to the trial court to award a proportionate share of expenses payable to Stevenson's counsel from Texas Mutual's recovery pursuant to Texas Labor Code section 417.003(a). In all other respects, the trial court's order denying Stevenson's motion for apportionment and granting Texas Mutual's cross motion for apportionment is affirmed.

210464f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CORBY W. STEVENSON,
Appellant

No. 05-21-00464-CV          V.

TEXAS MUTUAL INSURANCE
COMPANY, Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 82551.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the trial court's order denying Stevenson's motion for apportionment and grating Texas Mutual's cross motion for apportionment is reversed in part. We reverse the trial court's order insofar as it incorrectly relies on Texas Labor Code section 417.003(c). We remand this case to the trial court to award a proportionate share of expenses payable to Stevenson's counsel from Texas Mutual's recovery pursuant to Texas Labor Code section 417.003(a). In all other respects, the trial court's order denying Stevenson's motion for apportionment and granting Texas Mutual's cross motion for apportionment is affirmed.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 13th day of May, 2022.